1
2
3
4

**AKERMAN LLP**
JOSHUA R. MANDELL (SBN 225269)
Email: joshua.mandell@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

5
6
7
8

CHRISTOPHER G. OPRISON (*pro hac vice* application pending)
Email: christopher.oprison@akerman.com
750 9th Street NW, Suite 750
Washington, DC 20001
Telephone:   (202) 824-1703
Facsimile:    (202) 585-6207

9

Attorneys for Plaintiff,
THETA CHI FRATERNITY, INC.

10

11

## UNITED STATES DISTRICT COURT

12

## NORTHERN DISTRICT OF CALIFORNIA

13

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| THETA CHI FRATERNITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> LELAND STANFORD JUNIOR UNIVERSITY, a private, research institution of higher learning; THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, custodian of the endowment and all University properties; ALUMNI ASSOCIATION OF CHI THETA CHI HOUSE, a California tax exempt corporation, a/k/a CHI THETA CHI, a/k/a ALPHA EPSILON CHAPTER OF THETA CHI FRATERNITY; THE BOARD OF DIRECTORS OF ALUMNI ASSOCIATION OF CHI THETA CHI HOUSE; THOMAS ABEL ALLISON, individually and as President/Director of Alumni Association of Chi Theta Chi House; and Does 1 through 100, <br><br> Defendants. | Case No. <br><br> **COMPLAINT OF PLAINTIFF THETA CHI FRATERNITY, INC. FOR:** <br><br> (1) FEDERAL TRADEMARK INFRINGEMENT; <br> (2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION; <br> (3) FEDERAL TRADEMARK DILUTION; <br> (4) STATE TRADEMARK DILUTION; <br> (5) STATE UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES; <br> (6) BREACH OF SETTLEMENT AGREEMENT AND MUTUAL RELEASE; <br> (7) AIDING/ABETTING BREACH OF SETTLEMENT AGREEMENT AND MUTUAL RELEASE; <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff THETA CHI FRATERNITY, INC. ("Theta Chi" or "Plaintiff") hereby files its Complaint for Damages against Defendants LELAND STANFORD JUNIOR UNIVERSITY ("the University"); THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY ("the University Board"); ALUMNI ASSOCIATION OF CHI THETA CHI HOUSE ("Chi Theta Chi" or "the Association"), a/k/a CHI THETA CHI, a/k/a ALPHA EPSILON CHAPTER OF THETA CHI FRATERNITY; THE BOARD OF DIRECTORS OF ALUMNI ASSOCIATION OF CHI THETA CHI HOUSE ("the Chi Theta Chi Board" or "the Association Board"); THOMAS ABEL ALLISON ("Allison") individually and as President and Director of the Alumni Association of Chi Theta Chi House; and DOES 1 through 100, inclusive (collectively "Defendants"), and alleges:

## NATURE OF THE CASE

1.      This is an action for, among other things, infringement of two of Plaintiff Theta Chi's federally-registered collective membership trademarks:  U.S. Trademark Registration No. 1,231,512 (registered on Mar. 15, 1983) (**Exhibit 1**) for the mark ΘX, Theta Chi's identifying symbols, and U.S. Trademark Registration No. 1,240,699 (registered on May 31, 1983) (**Exhibit 2**) for the mark THETA CHI (collectively, the "Theta Chi Marks").

2.      The University and Chi Theta Chi[1] are no strangers to violations of Theta Chi's trademarks and this underlying controversy.  The Theta Chi Marks have previously been used, without authority, by the University, its Board of Trustees, the Association and its individual Directors, Officers, and members, and as-yet unidentified residents of the housing structure located at 576 Alvarado Row, Stanford, California ("the House" or "the Property").  None of the Theta Chi Marks have been abandoned and the registrations are incontestable.

---

[1]  The use of and reference to the name "Chi Theta Chi" throughout this Complaint is for identification purposes only and is not intended in any way to validate or legitimize use of this name by the organization or its directors, officers and individual members, or acquiesce in the suggestive affiliation intended by the name.

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500—FAX: (213) 627-6342

3.      Chi Theta Chi is an imposter organization whose genesis is grounded in fraud and deceit.  Chi Theta Chi's misconduct was first discovered in Fall 2012 and immediately brought to the attention of the University through the Office of General Counsel[2] ("OGC") and the University's Residential & Dining Department[3] ("RDD"), as well as the Association and Defendant Allison.  Chi Theta Chi defiantly refused to comply with Theta Chi's cease and desist demands, even after the University terminated Chi Theta Chi's lease for multiple incidents of malfeasance and neglect, took control of the House, and evicted Chi Theta Chi from the House.

4.      Theta Chi was forced to sue Chi Theta Chi previously to protect its trademarks.  By providing false assurances on which Theta Chi reasonably relied that all trademark infringements would be remedies, Chi Theta Chi and various member and non-member residents of the House (residents assigned and/or approved for assignment to the House by the University) conspired with the University to perpetuate the trademark violations while misleading Theta Chi into believing its marks would be protected from further infringement.  Chi Theta Chi and various member and non-member residents of the House continued to misappropriate and deceptively use and employ the protected marks of Theta Chi upon and within the Property owned and controlled by the University and University Board, with the fully knowledge and agreement or acquiescence of the University

5.      Chi Theta Chi, along with its Board of Directors and Defendant Allison, have engaged in repeated and deceptive misuse and misappropriation of the Theta Chi Marks, violating the "Settlement Agreement and Mutual Release" ("Settlement Agreement") executed January 11, 2013 (**Exhibit 3**).  Complicit in the violations are the rank-and-file members of Chi Theta Chi and other residents of House.  Despite

---

[2] Theta Chi's principal point of contact in the OGC was Lauren Schoenthaler ("Schoenthaler").  In 2013, and as of the filing of this Complaint, Schoenthaler serves as Senior University Counsel.

[3] Theta Chi's principal point of contact in RDD was Deborah Golder ("Golder").  In 2013, and as of the filing of this Complaint, Golder serves as Dean of Residential Education for the University.

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1    knowing the terms of the Settlement Agreement, and despite providing express
2    assurances that Chi Theta Chi would comply therewith, the Chi Theta Chi Defendants
3    engaged in a course of contemptuous conduct that utterly ignored the agreed-upon
4    terms.

5        6.    These violations are of significant reputational import.  Chi Theta Chi's
6    unauthorized use falsely suggests affiliation with Theta Chi and its local chapter and
7    local alumni organization, has created and is likely to create market confusion, is
8    likely to dilute by blurring and/or by tarnishing the Theta Chi Marks, and has caused
9    and is likely to continue to cause reputational and other harm to Theta Chi.

10       7.    The Chi Theta Chi Defendants could not have engaged in such prolonged
11   misconduct without the aid and assistance of the University.  The University has been
12   complicit in the Chi Theta Chi Defendant violations, and has independent culpability
13   for its own trademark infringements.  The University owns and controls the property
14   at which Chi Theta Chi members reside and at which member and non-member
15   residents perpetuate the trademark violations discussed in this Complaint.   The
16   University Board has ultimate control, responsibility and accountability over the
17   Property and all acts engaged in on that property.  The University and University
18   Board are responsible for ensuring that the Property is maintained properly by its
19   residents, and that its residents conduct themselves in a manner consistent with all
20   federal, state and local laws and ordinances.  The University and, by extension, the
21   University Board, have been derelict in their duties as to the House.

22       8.    The University, through its OGC and RDD, provided misleading
23   representations to Theta Chi about the University's commitment to facilitate and
24   oversee compliance with the terms of the Settlement Agreement, to ensure all vestiges
25   of the prior infringements are remediated and extinguished, and to permanently
26   remediate its own violations to avoid legal action by Theta Chi.

27       9.    Instead, the University knowingly permitted references to Chi Theta Chi
28   in University website pages and in University-owned and controlled news outlets.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

The University also knowingly permitted Chi Theta Chi, and members and non-members residing in the House, to perpetuate the prior illegal use of Theta Chi's trademarks.  The University knowingly turned a blind eye and permitted Chi Theta Chi and the House residents to perpetrate new trademark violations, to engage in false and misleading advertisement, unfair competition, trademark dilution and theft by using the Theta Chi Marks to promote events and activities at the House.  Confronted with these obvious trademark infringements, the University – the owner and ultimate responsible party for the House and the acts engaged in therein – took absolutely no action to halt the activity.  On the contrary, the University's response (or lack thereof) encouraged the Chi Theta Chi Defendants to stay the course, galvanized and emboldened them to not only continue but amplify the illegal behavior.  Equally objectionable is that, despite prior assurances to Theta Chi and seemingly genuine expressions of empathy with Theta Chi's legal position, at no time did the University notify Theta Chi that such violations were continuing.  Ultimately, not only did the University fail and refuse to take any meaningful action to terminate the infringing conduct, but it actively concealed these violations from Theta Chi.   Hence, unbeknownst to Theta Chi, Chi Theta Chi continued with its infringing conduct.

10.     In late 2015, Theta Chi discovered Chi Theta Chi's misconduct which, in turn, Theta Chi communicated to the University.  The University took no meaningful action to remedy the infringing activity.  Theta Chi also discovered the University had, too, been infringing Theta Chi's trademarks.  The University had been advertising and promoting the House in the name of "Chi Theta Chi" throughout the campus and on its school-sponsored and owned website.  The University had also known about and either expressly permitted or failed and refused to take action to prohibit further infringing activity by Chi Theta Chi, as well as by members and non-member residents of the House.  The infringing activity by the University Defendants and the Chi Theta Chi Defendants continued as of the filing of this Complaint.

11.     Theta Chi has no alternative but to take appropriate action to protect its

1    marks.

2                           **THE PARTIES**

3        12.    Plaintiff Theta Chi is a tax exempt corporation organized and existing

4    under the laws of the State of New York with its headquarters and principal place of

5    business in Carmel, Indiana. Founded on April 10, 1856, Theta Chi is one of the

6    oldest and most widely regarded college fraternities in the United States.  It exists to

7    establish, maintain, govern, improve and promote the welfare of a fraternal order by

8    the same name.  Theta Chi is currently comprised of the Grand Chapter of Theta Chi,

9    144 Active Theta Chi chapters, and 7 Official "Colonies" in the United States.

10       13.    Defendant University is a tax-exempt entity under section 501(c)(3) of

11   the Internal Revenue Code and a trust with corporate powers under the laws of the

12   State of California.  The University is a preeminent research and teaching institution.

13   The University owns and exercises dominion over its property, including at all times

14   relevant to this allegations in this Complaint, the House located at 576 Alvarado Row.

15   The University is governed by its Board of Trustees, which has ultimate responsibility

16   and accountability for the acts or omissions of University officials and students on or

17   implicating University property.  The University, the University Board, and any and

18   all University officials, administrators, or employees who engaged in, aided,

19   encouraged, facilitated, or conspired to commit the misconduct alleged herein

20   (identified as "Does 1-50") are collectively referred to herein as the "University

21   Defendants."

22       14.    Defendant University Board has responsibility for managing University

23   assets, including real property such as the House located at 576 Alvarado Row,

24   Stanford, California.  The Board delegates operational authority to the President of the

25   University, John L. Hennessy.  It does not relinquish accountability, however.  At all

26   times relevant to the matters raised in this Complaint, the Board owned, controlled

27   and/or managed the House and all activity within the House on behalf of the

28   University.  At all times relevant to the matters raised in this Complaint, the Board

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    maintained ultimate responsibility and accountability for all acts or omissions of

2    University officials and students on or implicating University property.    The

3    University Board, University, and any and all University officials, administrators, or

4    employees who engaged in, aided, encouraged, facilitated, or conspired to commit the

5    misconduct alleged herein (identified as "Does 1-50") are collectively referred to

6    herein as the "University Defendants."

7        15.    Chi Theta Chi, or the Association, purports to be a tax exempt

8    corporation organized and existing under the laws of the State of California.  It self-

9    identifies with the State corporate entity number of C0131837, which it usurped from

10   the Alpha Epsilon Alumni Association of Theta Chi Fraternity, Inc. ("Alpha Epsilon

11   Alumni Association" or "Alumni Association"), a California tax-exempt corporation

12   organized on December 21, 1928. Although not affiliated with Theta Chi, Chi Theta

13   Chi has held and continues to improperly hold itself out to be the successor entity to

14   the Alpha Epsilon Chapter of Theta Chi Fraternity ("Alpha Epsilon" or "Local

15   Chapter") and the Alpha Epsilon Alumni Association.  Upon information and belief,

16   certain members of Chi Theta Chi reside and from January 2013 to present, have

17   resided, in the House and/or served as management or leadership for the Association.

18   Chi Theta Chi, together with Defendant Allison, the Chi Theta Chi Board, as well as

19   certain member and non-member residents of the House, who engaged in, aided,

20   encouraged, facilitated, or conspired to commit the misconduct alleged herein

21   (identified as "Does 51-100") are collectively referred to herein as the "Chi Theta Chi

22   Defendants."

23       16.    The Chi Theta Chi Board purports to be the governing body for Chi

24   Theta Chi.  It is ultimately responsible for ensuring Chi Theta Chi is in compliance

25   with all federal, state, and local statutes, regulations and ordinances.    Upon

26   information and belief, the Chi Theta Chi Board currently includes, and at all times

27   relevant to the claims and allegations raised in this Complaint included, the following

28   individuals: Defendant Allison; Madeleine Douglas; Marie Rowell; Elif Tasar; Alex

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500—FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1   Bullitt; Valentina Cabrera Stagno; and Michael Hammersly.   Upon further
2   information and belief, the Chi Theta Chi Board, in furtherance of its fiduciary
3   responsibility to Chi Theta Chi and its membership, was responsible for approving the
4   terms of the Settlement Agreement and for ensuring compliance with the terms of the
5   Settlement Agreement.   Upon further information and belief, the Chi Theta Chi Board
6   knew of, approved or, at a minimum, tacitly condoned the misconduct that forms the
7   basis for the claims in this Complaint.   The Chi Theta Chi Board, together with Chi
8   Theta Chi, Defendant Allison, as well as certain member and non-member residents of
9   the House, who engaged in, aided, encouraged, facilitated, or conspired to commit the
10   misconduct alleged herein (identified as "Does 51-100") are collectively referred to
11   herein as the "Chi Theta Chi Defendants."

12          17.    Defendant Allison is now, and upon information and belief during all
13   times relevant to the matters raised in this Complaint was, a member and/or Officer
14   and/or Director of Chi Theta Chi.   Allison was the individual principally responsible
15   for negotiating the terms of the Settlement Agreement, for ensuring compliance with
16   the terms of the Settlement Agreement, and for advocating conduct in contravention
17   of the terms of the Settlement Agreement.   Allison, together with Defendant Chi Theta
18   Chi, the Chi Theta Chi Board, as well as certain member and non-member residents of
19   the House, who engaged in, aided, encouraged, facilitated, or conspired to commit the
20   misconduct alleged herein (identified as "Does 51-100") are collectively referred to
21   herein as the "Chi Theta Chi Defendants."

22          18.    Theta Chi is unaware of the true names and capacities of the defendants
23   named herein as Does 1 through 50 (included within definition of "University
24   Defendants"), and Does 51-100 (included within definition of "Chi Theta Chi
25   Defendants"), and therefore sues such defendants by such fictitious names.   Theta Chi
26   will seek leave of the Court to amend this Complaint to set forth the true names and
27   capacities of those fictitiously named defendants when their respective identities are
28   ascertained.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

19. Theta Chi further alleges that the University Defendants and Chi Theta Chi Defendants, including Does 1 through 100 sued herein by fictitious names are jointly, severally, and concurrently liable and responsible with each named Defendant upon the causes of action hereinafter set forth.

20. Theta Chi is informed and believes, and upon such basis alleges, that at all times herein mentioned, the University Defendants, and each of them, were the agent, servant, employee, and/or joint venturer of each and every other University Defendant and the acts of each University Defendant as alleged herein, were performed within the course and scope of that agency, service, employment, and/or joint venture.

21. Theta Chi is further informed and believes, and upon such basis alleges, that at all times herein mentioned, the Chi Theta Chi Defendants inclusive, and each of them, were the agent, servant, employee, and/or joint venturer of each and every other Chi Theta Chi Defendant and the acts of each Chi Theta Chi Defendant as alleged herein, were performed within the course and scope of that agency, service, employment, and/or joint venture.

22. Theta Chi is informed and believes and, on that basis alleges, that each of the Doe defendants is in some way and/or manner responsible for the acts and occurrences alleged herein, whether such act and such occurrences were committed intentionally, recklessly, or otherwise, and that each Doe defendant is liable for damages suffered and sustained by Theta Chi.

## JURISDICTION AND VENUE

23. This Court has federal question jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, in that the case arises out of claims for trademark infringement, false designation of origin/false or misleading advertising/unfair competition and dilution under *The Lanham Act*, 15 U.S.C. §§ 1051, *et seq.*

24. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising from the same or similar facts and circumstances under the

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []
**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.,* and California common law.

25.    This Court has personal jurisdiction over each and every Defendant. The acts and transactions underlying the claims in this Complaint and causing harm to Theta Chi occurred in the State of California as a result of the University Defendants' and the Chi Theta Chi Defendants' misappropriation and unauthorized use of the Theta Chi Marks in the State of California.  The University Defendants are all believed to reside, conduct business, and/or own or control property in the State of California and, additionally, have purposefully directed action to, and have otherwise availed themselves of the privileges and protections of, the laws of the State of California. Likewise, the Chi Theta Chi Defendants are all believed to reside, conduct business and/or own, manage, or control property in the State of California and, additionally, have purposefully directed action to, and have otherwise availed themselves of the privileges and protections of, the laws of the State of California. Accordingly, all Defendants have sufficient minimum contacts such that the exercise of jurisdiction over Defendants does not offend traditional due process notions of fair play and substantial justice.

26.    Moreover, the Chi Theta Chi, with the knowledge and consent of all individual officers and directors thereof, executed the Settlement Agreement and Mutual Release ("Settlement Agreement") in *Theta Chi Fraternity, Inc. v. Alumni Association of Chi Theta Chi House, a/k/a Chi Theta Chi, et al*, 112-CV-235099 (Oct 30, 20112) ("*Theta Chi I*")*,* in which Chi Theta Chi, the Chi Theta Chi Board, and Defendant Allison contractually consented to the jurisdiction of this Court.

27.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(a) and (b) because the University Defendants and the Chi Theta Chi Defendants are located in the Northern District of California and all or substantially all acts and transactions giving rise to the claims set forth herein occurred or originated in, and caused damage to Theta Chi in, Santa Clara

Case No.: []
**THETA CHI FRATERNITY, INC.'S COMPLAINT**

County, California, which is in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

28.     Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Procedure before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide basis.

29.     Assignment to the San Jose Division would nonetheless be appropriate for all Defendants pursuant to Civil L.R. 3-2(e) because (1) at least one Defendant (the Association) has stipulated to the continuing jurisdiction of this District in this Division, and (2) a substantial part of the events that give rise to Theta Chi's claims against Defendants occurred in Santa Clara County, California.

## FACTUAL ALLEGATIONS[4]

**A.    Theta Chi's Formation and Its Federally Registered and Protected Trademarks**

30.     Theta Chi Fraternity was founded in 1856 at Norwich University.  With more than 175,000 initiated members, 144 active chapters, and 7 colonies in existence, Theta Chi Fraternity is one of the oldest and one of the larger men's college fraternities in North America.

31.     Theta Chi's purpose is to establish, maintain, govern, improve and promote the welfare, and facilitate achievement of the objectives and ideals, of Theta Chi Fraternity.

32.     The name "Theta Chi" has its genesis in the Greek motto "**Θηρόποεα Χείρ**" which, when translated, means "assisting hand" or "helping hand." The first two Greek letters of the motto – "Θ" (Theta) and "X" (Chi) - form its name.

33.     Consistent with its philanthropic and service orientation, Theta Chi's

---

[4] Notwithstanding *Theta Chi I* and the comprehensive factual allegations contained therein, Theta Chi does not assume familiarity with such facts.  Moreover, given the additional Defendants in this case, recently discovered facts relating to prior claims, and new facts relating to new infringements, Theta Chi re-asserts all relevant facts herein as were set forth in the *Theta Chi I* Complaint.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

ideals of promoting good and responsible citizenship, fostering high scholastic achievement extending a "helping hand" to persons in need, and exhibiting the ideals of honor, charity, tolerance and patriotism form the framework for its actions and decisions, define a model code of conduct for all Theta Chi chapters, and have contributed to the success of Theta Chi over time.

34.   Theta Chi's ideals, charitable and service oriented mission and deeds, and continued existence have earned it considerable goodwill and positive association in the public mind.

35.   Active Theta Chi chapters are named by letters of the Greek alphabet in a sequential fashion based on their date of activation relative to other chapters.  No two chapters are bestowed the same name.

36.   Theta Chi has registered multiple "Collective Membership" trademarks with the U.S. Patent and Trademark Office, including at least two that are believed to have been infringed in this case:

(a)   the Greek Letters **"ΘΧ"** (Registration. No. 1,231,512 (Mar. 15, 1983)) (**Ex. 1**); and

(b)   the phrase **"THETA CHI"** (Registration No. 1,240,699 (May 31, 1983)) (**Ex. 2**).

37.   The registrations described above are incontestable.

38.   The Theta Chi Marks have never been abandoned, and Theta Chi is entitled to a conclusive presumption of ownership of the Theta Chi Marks.

39.   Only authorized members of the "collective" may use the marks and, then, only for *identification* purposes.

40.   Entities and individuals may not use the Theta Chi Marks or any "recognizable variant" of any of these marks as a part of its name, or identify itself or himself as affiliated with Theta Chi without express approval from Theta Chi.

41.   Under no circumstances is any party entitled to use the Theta Chi Marks in a manner that would be contrary to Theta Chi's Constitution or Bylaws regarding

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

membership, or in a manner that is harmful or intended to disadvantage Theta Chi or any constituent component therein.

42.     Theta Chi requires its members to aspire to uphold a high moral standards and attempts through its legacy and continued training, to instill morally righteous values that its members adhere to.   On issues of gender sensitivity and sexual misconduct, Theta Chi regards all men and women as equals worthy of significant respect, has zero tolerance for any form of sexual harassment (including any activity or advertising that portrays women in a demeaning way) or sexually abusive behavior, whether physical, mental or emotional.   Theta Chi further has taken considerable strides to educate its members about the varied forms which sexual harassment can take, promote human dignity and respect for others, and foster proper attitudes toward sexual roles.

43.     Furtherance to upholding its values and ideals, Theta Chi has a robust anti-hazing and human dignity policy.   Theta Chi requires all members to treat others with respect and dignity regardless of race, creed, color, sex, religion, handicap or sexual orientation.

44.     These and other fundamental principles and high moral standards are what have defined Theta Chi for years, what has contributed to Theta Chi generational longevity and success, and what Theta Chi has and will continue to be so guardedly protective and vigilant in preserving.

**B.     Theta Chi Fraternity, Inc.: Its Formation and Existence at the University**

45.     The Theta Chi chapter established at the University on May 8, 1920 was named the Alpha Epsilon Chapter of Theta Chi Fraternity.   The Alpha Epsilon Chapter has been inactive since 1988.

46.     On December 21, 1928, four members of the Alpha Epsilon Chapter of Theta Chi organized an alumni building corporation in the name of the Alpha Epsilon Alumni Association as a tax exempt corporation under California law.

47.     The Alpha Epsilon Alumni Association was created to facilitate the

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

1   Alpha Epsilon Chapter of Theta Chi's operations, including purchasing, leasing,

2   acquiring, holding, or owning real or personal property for the use, benefit and support

3   of the Alpha Epsilon Chapter, and making or financing capital improvements as

4   needed to the Chapter House.

5   48.   Upon information and belief, following its formation, the Alpha Epsilon

6   Alumni Association purchased the Chapter House from the University and entered

7   into a 49-year ground lease with the University which, upon information and belief,

8   owned the property on which the Chapter House had been built.

9   49.   With the expiration of the initial ground lease looming, the University

10   presented a renewal lease in or about January 1977 ("Lease"). By its terms, the Lease

11   was intended to be an agreement between the Alpha Epsilon Alumni Association and

12   the University.

13   50.   Upon information and belief, the Lease was duly executed by the Alumni

14   Association and the University.

15   51.   The Lease identified the Alpha Epsilon Alumni Association as owner of

16   the House and the University as owner of the "parcel of land" on which the House is

17   built.   Lease expressly created a reversionary interest in the University.   Upon

18   termination of the Lease, ownership of the Chapter House and any other

19   improvements on the Lot reverted from the Alumni Association to the University.

20   52.   By its terms, the University agreed to renew the Lease indefinitely as

21   long as *both* the Alpha Epsilon Chapter of Theta Chi *and* the Alpha Epsilon Alumni

22   Board remained active.

23   53.   The Lease made no reference whatsoever to any organization calling

24   itself Chi Theta Chi.

25   54.   With declining membership during the 1970s, the Alpha Epsilon Chapter

26   of Theta Chi began permitting student boarders who were not members of Theta Chi

27   to reside in the House.

28   55.   In the mid-1980s, one or more remaining members of Alpha Epsilon

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Chapter of Theta Chi at the time disaffiliated with Theta Chi, helped to create a competing group identifying itself as the "Ex-Theta Chi's" or "X-Theta Chi's" - denoted symbolically as "X-ΘX" and by name as "Chi Theta Chi."

56.     The name "Chi Theta Chi" was an express attempt to suggest – erroneously and in a deceptive way - an affiliation with Theta Chi and capitalize on local chapter's past relationship and affiliation with Theta Chi.

57.     On or about March 11 or 12, 1988, Theta Chi's Grand Chapter declared the Alpha Epsilon Chapter of Theta Chi inactive due to, among other things, lack of membership and improper conduct by residents of the House.

58.     Theta Chi representatives visited the House, notified residents that the Alpha Epsilon Chapter of Theta Chi had been declared inactive, and explicitly instructed the residents that use of the name "Theta Chi" for any purpose was strictly prohibited.

59.     During that visit, the representatives attempted to collect all Theta Chi property, including literature, initiation ceremony garb, fraternity ritual material and other items for safekeeping.  Unknown to the Theta Chi representatives at the time, they were unable to recover all Theta Chi property.  Upon information and belief, the remaining Theta Chi material was later used or displayed in the House by Chi Theta Chi members.

60.     Theta Chi reasonably believed the residents of the House would conduct themselves in a law-abiding manner and refrain from unlawfully using Theta Chi's Marks.

61.     From March 1988 through the present, the Alpha Epsilon Chapter of Theta Chi has remained inactive.  By virtue of its inactive status, the Alpha Epsilon Chapter and, by extension, the Alpha Epsilon Alumni Association, had no authority to use the Theta Chi Marks since at least March 1988.

**C.     Chi Theta Chi: An Imposter Organization is Born**

62.     After the Alpha Epsilon Chapter of Theta Chi became inactive, members

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

Case No.: []
**THETA CHI FRATERNITY, INC.'S COMPLAINT**

of the group calling itself Chi Theta Chi continued to reside in the House.

63.     Chi Theta Chi also has been and continues to be an umbrella term used to identify the residents of the student housing cooperative at the University that reside in the House, Chi Theta Chi's governing board, and the House itself.

64.     The name "Chi Theta Chi" has its origin in the notion that individuals in the organization are "ex-Theta Chi's," which is false, deceptive and misleading, and which, standing alone, conjures negative or unfavorable connotations or questions about the fact of "former" membership in Theta Chi.

65.     Additionally, Chi Theta Chi holds held itself out as having "evolved" from, "split apart from," "broke away" from, or "succeeded" Theta Chi Fraternity, the Alpha Epsilon Chapter of Theta Chi and/or the Alpha Epsilon Alumni Association - all of which are false, deceptive and misleading representations and raise negative or unfavorable connotations or questions about membership in Theta Chi.

66.     Members of Chi Theta Chi are not members of Theta Chi, nor could they be; Chi Theta Chi has no relation to or affiliation with Theta Chi, no shared legacy and no common historical context.  This, however, did not preclude Chi Theta Chi from infringing Theta Chi's trademarks.

**D.     Chi Theta Chi Previously Infringed Theta Chi's Protected Trademarks**

67.     Chi Theta Chi used the Theta Chi Marks in various deceptive ways. None were authorized, each caused confusion, and all were unknown to Theta Chi.

68.     In particular, for a period of time during which its activities were unknown to Theta Chi, Chi Theta Chi used the name "Chi Theta Chi" interchangeably with "Theta Chi" to identify the group of residents living within the Chapter House, the governing board, and the Chapter House itself, to wit: *"Theta Chi* is unique because it owns its own house . . ."; *"Theta Chi* has a history of not having a 'Politically Correct' food policy."; *"Theta Chi* has many special features. Because they own the house, it stays open all year round . . ."; and *"Theta Chi* has also given office or storage space to other campus organizations in the past."

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

69.     As chronicled in the *Theta Chi I* Complaint, Chi Theta Chi's infringing activities ran the spectrum, from:

(a)     creating website material and social media content used on websites that Chi Theta Chi, or members or supporters thereof host;

(b)     expressly supplying deceptive and confusing web content to third party websites including, without limitation, the University's "Residential Education Themed Housing" websites comparing and contrasting the cooperative housing arrangements of Chi Theta Chi with other residential options;

(c)     using the Theta Chi name, brand, logo and likeness to attract potential new residents to the Chapter House;

(d)     directing its website and social media postings, advertisements and marketing content to existing student residents of the House, as well as students matriculating to Stanford from inside and outside of California and internationally who wish to explore alternative living arrangements;

(e)     actively participating in and advertised for Fraternity "Rush" activities for Theta Chi using Theta Chi's name, coat of arms, and other identifying marks.

(f)     displaying the Greek letters "ΘX" (denoting "Theta Chi") thereby affording Chi Theta Chi an opportunity to utilize the prominent and aesthetically robust marks of Theta Chi, and create confusion among certain target audiences, and entice interest in the Chapter House.

(g)     conducting business operations under the name of the Alpha Epsilon Alumni Association, including availing itself of all rights under the Lease, filing false Form 990 tax forms, using the Alpha

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

17

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Epsilon Association's name and federal taxpayer ID number, and then changing the Alum name with the California Secretary of State's office to Chi Theta Chi's name;

(h) usurping the Alumni Association's corporate identity and holding itself out to be an entity affiliated with Theta Chi in the conduct of its business and management operations;

(i) falsely holding itself out to be the legitimate successor entity to the Alpha Epsilon Chapter and the Alumni Association; and

(j) capitalizing on Theta Chi's goodwill, reputation and significant historical legacy.

70. Upon information and belief, Chi Theta Chi exposed Theta Chi and the Alpha Epsilon Alumni Association to potential liability stemming from contracts, untimely, unfiled and false tax returns, negligent management of the House funds, failure to make appropriate and needed improvements to the House or to comply with fire and safety codes – many of which formed the basis for the University terminating the lease agreement.

71. Theta Chi contacted University administrators in December 2011, January 2012, and February 2012, for assistance addressing Chi Theta Chi's misconduct.

**E. As Owner of the House, the University Takes Control in 2012 and Revokes Chi Theta Chi's Lease**

72. The University owns the House and the property on which it sits.

73. The University Board has ultimate responsibility for managing and maintaining all property owned by the University, including the House and the parcel of land on which its sits at 576 Alvarado Row. The University Board has ultimate and non-delegable accountability for all acts or omissions on or in connection with any University Property causing injury or harm to any individual or entity.

74. On or about February 8, 2012, the University informed Chi Theta Chi of its intent to terminate the Lease, announced plans to take control of the House starting

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1  April 1, 2012, and evicted Chi Theta Chi.

2      75.    Upon information and belief, several University officials, including

3  Deborah Golder ("Golder"), met with representatives of Chi Theta Chi, including

4  Defendant Allison, to inform Chi Theta Chi of the decision to revoke the lease.

5      76.    Grounds for terminating the Lease included, among other things:

6          (a)    Chi Theta Chi deceptively and falsely used the Alumni

7                 Association's taxpayer identification number despite being directed

8                 to cease-and-desist;

9          (b)    multiple fire and safety code violations and inspection failures;

10          (c)    inability to financially and administratively avoid ongoing

11                 defaults; and

12          (d)    failure to maintain corporate status in California.

13      77.    Because of the confusion Chi Theta Chi has created, its misconduct

14  reflects equally or more poorly on and exacts reputational and other harm on Theta

15  Chi.

16      78.    As grounds for the University re-taking control of the House including

17  concerns, as expressed by Golder, among others, that the University is ultimately

18  responsible for and exposed to liability for any lawsuits against the House and actions

19  therein by Chi Theta Chi and its members.

20      79.    The University issued a statement regarding its decision to terminate the

21  Lease, which provided in pertinent part:

22      The University has exercised its option not to renew the current lease for the

23  house, effective September 1, 2012, at which time the University will have legal

24  ownership of the house, collect student funds for housing, and pay for repairs;

25  however, the alumni organization will continue to be responsible for the ongoing

26  management and oversight of the residential program, food/board provision, and

27  student staffing. This arrangement allows the Chi Theta Chi alumni organization to

28  demonstrate that it is qualified to take over and sustain management of the house once

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

the University has confidence that the alumni organization will maintain a reliably safe, healthy and productive educational experience and living environment for Stanford undergraduates.

80.    The University further stated that it would share its managerial and supervisory authority with Chi Theta Chi once Chi Theta Chi could "demonstrate the sustained ability to manage house staffing, establish corporate self-governance, and create an effective partnership with the University that will ensure the house is operated with a commitment to life safety and University community values."

81.    Shortly after Chi Theta Chi's eviction, Theta Chi admonished Chi Theta Chi that:

    (a)    Chi Theta Chi was not authorized to use the Theta Chi Marks;

    (b)    Chi Theta Chi was not permitted to represent or purport to be affiliated with Theta Chi in any way; and

    (c)    Chi Theta Chi was not authorized to do business or purport to act for the Alpha Epsilon Alumni Association.

82.    Chi Theta Chi ignored and defied Theta Chi's directives and persisted with misappropriating and using without authority the Theta Chi Marks.

83.    Chi Theta Chi stole the corporate identity of the Alpha Epsilon alumni Association.

84.    On March 21, 2012, without Theta Chi's knowledge, Chi Theta Chi filed Amended Articles of Incorporation with the California Secretary of State to change the Alpha Epsilon Alumni Association's name to Chi Theta Chi's own name.   Chi Theta Chi had no authority to act for or change the name of the Alumni Association.

85.    Chi Theta Chi made false statements and submitted false certifications to the California Secretary of State's office using the Alumni Association's corporate entity number (C0131837) for Chi Theta Chi and falsely representing Chi Theta Chi's "origination date" to be December 21, 1928.

86.    After termination of the lease, the University assumed full control of the

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

House as of on or about April 2, 2012.  Among other things, the student residents of the House began paying rent directly to the University.

87.     Upon information and belief, the University closed the House for 2012 summer renovations.

88.     The University re-opened the House for the Fall 2012 semester student housing assignments.

89.     Upon information and belief, members of Chi Theta Chi were permitted to again reside in the house once it re-opened for housing assignment and have continued to do so since that time.

90.     Chi Theta Chi also revived its infringement on Theta Chi's Marks and ignored repeated demands by Theta Chi to cease and desist such infringing activity.

**F.     Theta Chi Commences Litigation Against Chi Theta Chi (*Theta Chi I*)**

91.     On October 30, 2012, Theta Chi filed a complaint in California State Court in Santa Clara County – *Theta Chi I* – alleging federal trademark infringement, federal trademark dilution, state trademark dilution, unfair competition, and misappropriation based on the conduct set out above.

92.     On November 20, 2012*,* the Association filed a Notice of Removal to the U.S. District Court for the Northern District of California, 3:12-cv-05942-JSC (Nov. 20, 2012).

93.     Throughout the brief litigation in *Theta Chi I*, Theta Chi coordinated with the University, through the OGC and RDD, given each office's role in supervising and managing the activities of such groups as Chi Theta Chi on campus.

94.     On or about January 12, 2013, the parties executed the "Settlement Agreement and Mutual Release" (**Ex. 3**) followed by a "Joint Stipulation to Dismiss with Prejudice" of the matter on covenant that both parties would abide by the terms of the Settlement Agreement.

95.     In approving the dismissal, the Court entered the dismissal order but, as agreed by the parties, retained jurisdiction "to enforce the parties' Settlement

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1   Agreement as necessary and to the fullest extent provided by law."

2        96.     Among other provisions in the Settlement Agreement, Chi Theta Chi

3   expressly acknowledged:

4                (a)    Theta Chi has four registered and protected marks, (**Ex. 3** -

5                       Settlement Agreement at 1);

6                (b)    "sometime after March 1988, the Association . . . *with Stanford*

7                       *University's Office of Residential Education,* began managing the

8                       Property solely as a student cooperative living residence" and

9                       referred to itself as the "Chi Theta Chi" House denoted by Greek

10                      letters "Chi Theta Chi" or "XΘX" (*id.*); and

11               (c)    on or about September 1, 2012, the "University terminated the

12                      Association's ground lease to the Property, *became the sole owner*

13                      *of the structure located thereon*, and assumed full responsibility for

14                      providing student housing on that Property" (*id.* at 2) (emphasis

15                      added).

16       97.     The express terms of the Settlement Agreement directed Chi Theta Chi

17  to:

18               (a)    "permanently cease all use in commerce of the Theta Chi and Chi

19                      Theta Chi Marks . . . . " (**Ex. 3** - Settlement Agreement, ¶ 1(a)(i))

20               (b)    "ensure all [Association] members are notified of the terms of this

21                      Agreement . . . ." (*id.* , ¶ 1(a)(ii));

22               (c)    file a "Certificate of Election to Wind Up and Dissolve

23                      Association" with a California Secretary of State, (*id.*, ¶ 1(a)(iii));

24               (d)    cease using the names "Alumni Association of Chi Theta Chi

25                      House" and "Alumni Association of Chi Theta Chi House" beyond

26                      its final tax returns in 2013, (*id.*, ¶ 1(a)(i));

27               (e)    "initiate its dissolution" proceedings within 20 days of the

28                      Effective Date of the Settlement Agreement and complete its

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

22

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1             dissolution by no later than August 1, 2013, (*id.*, ¶ 1(c));

2        (f)     remove its website and social media postings that reflect Chi Theta

3             Chi's name; (*id.*, ¶ 1(d));

4       98.     The Settlement Agreement further acknowledged that the Association

5  "shall not oppose or interfere with any effort by Theta Chi to cause Stanford and the

6  residents of the Property to change the name of the House" to eliminate use of the

7  words "theta" or "chi" or Greek letter equivalents. (Settlement Agreement, ¶ 1(b).)

8       99.     In the event of a breach, the non-breaching party would be required to

9  give written notice 15 days in which to cure the breach.  Failure of the breaching party

10 to cure within 15 days entitled the "non-breaching party . . . to enforce any and all

11 provisions of this Agreement, recover any actual damages resulting from the breach

12 and any other relief that the Court may impose." (Settlement Agreement, ¶ 4).)

13      100.     The parties further agreed that the Settlement Agreement would "extend

14 to, inure to the benefit of, and be binding upon the parties hereto and their respective

15 directives, officers, partners, proprietors, attorneys [and] agents" among others."

16 (Settlement Agreement, ¶ 5(b).)

17      101.     In both the Agreement and the stipulated dismissal, Theta Chi and Chi

18 Theta Chi (and its directors officers, attorneys and agents) expressly consented to the

19 exclusive jurisdiction of the U.S. District Court for the Northern District of California.

20 (Settlement Agreement, ¶ 5(e).)

## G.  The University, As Owner of the House and Property, Had an Integral Role In Settlement Discussions and Provided Assurances of Corrective Action

22      102.     Following execution of the Settlement Agreement, the University,

24 through the OGC and RDD, worked with Chi Theta Chi to establish a new name for

25 the House and ensure the Chi Theta Chi name was no longer used (the "naming

26 discussions").

27      103.     In addition, Chi Theta Chi directors and officers, including Defendant

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

Allison, provided guidance, advice and encouragement to members of Chi Theta Chi and residents of the House.

104.    At the University's request, Theta Chi agreed to accommodate Chi Theta Chi and the student residents of the House to delay its obligation to cease use of the Theta Chi marks in connection with the House naming until the close of the school year only a few months from the date of the Settlement Agreement.

105.    Theta Chi's accommodation was predicated on assurances from the University that the University would work in good faith with Chi Theta Chi to extinguish any infringing activity by Chi Theta Chi.  The University also ensured Theta Chi that the University would police its own websites, social media and other outlets to excise any reference to Chi Theta Chi.

106.    Theta Chi subsequently learned that the University had no intention to work in good faith with Chi Theta Chi to comply with the Settlement Agreement or facilitate a meaningful resolution.  On the contrary, unbeknownst to Theta Chi at the time, the University steadfastly worked to undermine Theta Chi's efforts to protect its marks.

107.    In  or  about  March  2013,  the  University,  principally  through Schoenthaler, proposed such ludicrous alternatives as:

    (a)    employing the *Latin* letters for "XΘX" as the new symbols for the House;

    (b)    using "XOX" as the new symbols to denote the love and emotional tenderness that defined the profile of the anticipated residents of the House; and

    (c)    employing a pirate-themed "skull and cross bones" designed by the residents which, as described to Theta Chi's counsel, appeared deceptively similar to the Greek letter "Theta" overlay on the Greek letter "Chi."

108.    All such proposals were obvious attempts to make a mockery of Theta

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Chi's interests and circumvent Chi Theta Chi's obligations under the Settlement Agreement. They were rejected outright by Theta Chi.

109. On or about March 25, 2013, Theta Chi issued a cease and desist notice to the University, directed to Schoenthaler, Golder, and the University's General Counsel, Debra Zumwalt ("Zumwalt"). Theta Chi requested an acknowledgment and response by a date certain. Neither Schoenthaler, Golder nor Zumwalt responded by the date requested.

110. On or about April 5, 2013, Theta Chi again contacted Schoenthaler, Golder and Zumwalt about the University's latest proposal for the name change to the House. A call was scheduled for April 11, 2013. Schoenthaler and Golder attended the conference call; Zumwalt did not attend although it was represented to Theta Chi that Zumwalt had been briefed on all issues to date.

111. During the April 11 conference call, and in a follow up communication, Schoenthaler and Golder provided various assurances to Theta Chi, including:

    (a) the students agreed to no longer use or reference the name "Chi Theta Chi" and its corresponding or similar-appearing symbols in connection with the student organization or the House after the conclusion of this academic year (mid-June 2013) and that the students had selected another name and symbol that the University's OGC and RDD had approved;

    (b) the University would remove all content from its webpages reflecting or referencing "Chi Theta Chi" and "XOX" or similar symbols after the conclusion of this academic year in mid-June 2013, as well as the "XOX" letters from the House;

    (c) the students and residents of the House would not attempt to embed the words "Theta" and "Chi" or corresponding or similar symbols into a new House image or theme including, but not limited to a skull and cross bones image, and the University would

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

25

1    not approve use of any such image; and

2    (d)    the University understood its obligations to avoid further

3            infringements of the Theta Chi Marks and would be vigilant and

4            proactive in policing compliance with this agreement, both as to

5            the University's own actions, the House and the residents of the

6            House.

7    112.   Theta Chi directed Schoenthaler and Golder to instances in which

8    references to "Chi Theta Chi" appeared on Stanford-owned and/or hosted websites

9    and demanded that those be removed. The University agreed to do so.

10    113.   In a later email dated April 18, 2013, Schoenthaler, on behalf of the

11    University, *reassured* Theta Chi that the House would be described in University

12    materials as "576 Alvarado Row (formerly known as Chi Theta Chi)" and asked if this

13    would be acceptable through the remainder the academic school year.   Theta Chi

14    agreed to accommodate the University's limited request without waiving any rights

15    Theta Chi had to protecting its marks.

16    114.   Schoenthaler, on behalf of the University, further assured Theta Chi that

17    the residents of the House shall not use the name "Chi Theta Chi" or "XOX" in

18    depicting or describing the House.

19    115.   On or about April 23, 2013, Theta Chi identified to Schoenthaler, Golder

20    and Zumwalt references to Chi Theta Chi or its symbols on University owned or

21    sponsored websites.  Schoenthaler, on behalf of the University, assured Theta Chi on

22    or about April 25, 2013 that the University was locating the webmaster for its

23    websites and would have the offending references removed immediately.

24    116.   On or about June 12, 2013, Theta Chi again identified to Schoenthaler,

25    Golder and Zumwalt certain references to "Chi Theta Chi" and the corresponding

26    symbols on University owned or hosted websites, including the University's RDD

27    website. Schoenthaler, on behalf of the University, on or about June 18, 2013, assured

28    Theta Chi that the "websites are down or coming down imminently."   Schoenthaler

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

further assured Theta Chi that "[s]tudents understood that they had until graduation to clean their own website and we had missed the [Residential Education] website when we cleaned other websites."

117. On or about August 22, 2013, Theta Chi again identified to Schoenthaler, Golder and Zumwalt *new* references to "Chi Theta Chi" in connection with a campus renovation plan. In particular, a construction fence erected around the House during a major renovations project identified the project as the "Chi Theta Chi Renovation" with a completion date of August 2013.

118. Upon inspection of the on-campus map, "Chi Theta Chi" still appeared as a demarked location long after the University had assured Theta Chi that all such references would be sanitized. Theta Chi explained that use of and reference to "Chi Theta Chi" could mislead the general public into believing, erroneously, that Theta Chi was coordinating, supervising, funding the renovations to the House, or was insuring against loss, harm, compliance with municipal zoning and construction requirements, or injury that may occur on that property during the renovation process.

119. On or about August 26, 2013, Schoenthaler, on behalf of the University, assured Theta Chi that the signage, map and other references had been corrected and removed any reference to Chi Theta Chi.

120. Theta Chi reasonably relied on the University's repeated assurances and promises of corrective action by the University. Based on such assurances, Theta Chi reasonably believed that there would be no recurrence, that the University would be vigilant in policing the misconduct of Chi Theta Chi Defendants, and that the University would notify Theta Chi should any similar infringements occur on University owned and controlled property, through University owned and controlled media outlets, and through University owned, controlled and hosted websites and social media.

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**H.    Chi Theta Chi and the University Collaborated and Conspired About Subsequent, Repeated Infringements of the Theta Chi Marks Resulting in Broad Dissemination of Such Infringement.**

        i.    <u>Chi Theta Chi Has Continuously Infringed the Theta Chi Marks Following the 2013 Settlement</u>

121.   In or about November 2015, Theta Chi observed new infringements and violations of its protected marks by the Association and residents of the House.  Upon further inspection, Theta Chi learned that such violations were rampant and widespread, and both violated the terms of the Settlement Agreement and constituted new, independent violations.

122.   Through its own investigation, Theta Chi learned of a multitude of additional violations by Chi Theta Chi of which the University knew, permitted, acquiesced and/or failed to take action to prevent as they related to the identification and use of University owned and controlled property.

123.   Theta Chi learned that, despite the express terms of the Settlement Agreement,  Chi Theta Chi remained in "active" status, had not been dissolved, and continued to use the entity name "Alumni Association of Chi Theta Chi House."

124.   Theta Chi learned that, despite the express terms of the Settlement Agreement,  Chi Theta Chi failed to change its name, or not oppose or interfere with changing the name of the House to omit the words "Theta" and "Chi" and their Greek letter equivalents.

125.   Theta Chi learned that, despite the express terms of the Settlement Agreement,  Chi Theta Chi continued to maintain and use "Theta Chi" paraphernalia on the Property suggesting an affiliation with or endorsement by Theta Chi.

126.   Theta Chi learned that, despite the express terms of the Settlement Agreement,  Chi Theta Chi failed to remove all content referencing the "Theta Chi" and "Chi Theta Chi" name, Greek letters and marks from its social media outlets, such as its own Twitter and Facebook pages.

127.   Theta Chi learned that, despite the express terms of the Settlement

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   Agreement,  Chi Theta Chi had filed its 990 Forms for tax years 2013 and 2014 using

2   the name "Alpha Epsilon Alumni Association of Theta Chi" and that Chi Theta Chi

3   intended to do so in its 990 Forms for tax year 2015 over Theta Chi's objections.

4   128.   Theta Chi learned that, despite the express terms of the Settlement

5   Agreement, on or about May 28, 2014, Chi Theta Chi, in conjunction and

6   coordination with the Stanford Music Collective, hosted a concert believed to feature

7   local musicians and musical acts "Charly Bliss," "River Ran" and "Baby Dumpling"

8   (the "Bliss event").  The venue as advertised was at "**Chi Theta Chi (XOX) @ 576**

9   **Alvarado Row.**"  Chi Theta Chi directly collaborated on this effort.  Chi Theta Chi

10   knew it was improperly using the Chi Theta Chi name to identify the House.

11   Moreover, the University was aware of and permitted, consented to, authorized,

12   acquiesced, facilitated and/or failed to take action to prohibit the use of the name Chi

13   Theta Chi or symbols "XOX" to identify University-owned property.

14   129.   Theta Chi learned that, despite the express terms of the Settlement

15   Agreement, Chi Theta Chi continued use of the "Theta Chi" and "Chi Theta Chi"

16   names, Greek letters and marks to suggest or imply Theta Chi's sponsorship, approval

17   or endorsement of Chi Theta Chi events and activities at House *including, but not*

18   *limited to*, what are believed to have been regularly occurring "**THETA CHI**

19   **THURSDAY**" "theatrical" events ("Theta Chi Thursday"), events and activities at the

20   House pirating the name, reputation and goodwill of Theta Chi.

21   130.   One such Theta Chi Thursday event featured parodies and theatrics

22   entitled "*Theta Chi Thursday X Silk Worm, & Britney Smearz: Anal Flora*" (the

23   "Theta Chi Thursday Anal Flora Collective Presentations") on or about October 29,

24   2015.  The Theta Chi Thursday Anal Flora Collective Presentations featured acts,

25   skits, monologues involving physical, emotional and psychological violent and

26   abusive relationships, "female-personating drag performers," parodies about alcohol

27   and substance abuse, songs about "farting on faces, pillows, and . . . bloody revenge-

28   killing," and deviant, medically unsafe and unhygienic group sexual activities.

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

131.   One of the performers, the presumptive Emcee and host, at the Theta Chi Thursday Anal Flora Collective Presentations was a male Stanford student named Eric Eich, a self-described "drag performer and filmmaker," who performs under the pseudonym "Silk Worm."   Upon information and belief, Eich was invited by Chi Theta Chi to Emcee and perform at the Theta Chi Thursday Anal Flora Collective Presentations and is believed to be affiliated with Chi Theta Chi.

132.   Upon information and belief, the Theta Chi Thursday Anal Flora Collective Presentations was one of many Theta Chi Thursday events to be held at the House and sponsored and hosted by the Chi Theta Chi Defendants.

133.   The Theta Chi Thursday Anal Flora Collective Presentations event was reviewed in *The Stanford Arts Review*, dated November 3, 2015, entitled "**Queens, Queers and Anal Flora**" featuring a photo believed to be Eric Eich (a/k/a "Silk Worm") cross-dressing on stage at the House.   The review stated, in part:

(a)   "Last week's Theta Chi Thursday presented Anal Flora, a performance organized by Silk Worm and Britney Smearz."

(b)   "Many of the performers were in gender-bending costuming";

(c)   "Anal Flora had an outstanding level of unity across the various genres of performance, mostly showcasing a fun and healthy way to do drag that centered on queerness and difference."

(d)   "[T]his is Anal Flora and it would be nothing without the queer, the sexual and the abject.   And what a perfect visual representation of the night than people crawling on all fours, face in each other's asses, centipeding around the room to a stunned crowd.   Pink eye, fluids, eating people out – no one was ready for it but that's exactly what we came for, isn't it?"[5]

134.   *The Stanford Arts Review* review was authored by Alex Zivkovic.   Upon

---

[5] http://stanfordartsreview.com/anal-flora/

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1    information and belief, Zivkovic was invited to attend the Theta Chi Thursday Anal

2    Flora Collective Presentations to write a review of the event for broad distribution and

3    dissemination among the University population as well as to outside readers.

4        135.    Subsequent to the Theta Chi Thursday Anal Flora Collective

5    Presentations, Chi Theta Chi and the University collaborated on, co-sponsored and/or

6    co-hosted additional events using the Chi Theta Chi name and symbols to identify the

7    House and the event itself.   On or about January 7, 2016, Chi Theta Chi, in

8    conjunction with the University, sponsored the "National College Poetry Slam

9    Qualifier" ("Stanford Qualifier") round advertised as being held at "XOX" in the "Chi

10   Theta Chi Lounge."   The Stanford Qualifier round, sponsored and/or endorsed by the

11   University, was purportedly held to select five students from among all competitors to

12   represent the University at the 2016 College Unions Poetry Slam Invitational

13   ("CUPSI") in Austin, TX on April 6-9, 2016.   Upon information and belief, the

14   University's CUPSI team would have all travel expenses paid.

    ii.    <u>The University Has Permitted, Authorized, Consented to, Acquiesced, Enabled and/or Facilitated Chi Theta Chi's Repeated Infringement of the Theta Chi Marks on University Owned and Controlled Property and Through University Media Outlets.</u>

18       136.    The University was aware of and permitted, and/or failed and refused to

19   take action to prohibit, the use of the name "Chi Theta Chi" or symbols "XOX" to

20   identify University-owned property, to advertise for the Theta Chi Thursday and other

21   Chi Theta Chi events held at the House in the name of Chi Theta Chi or using the

22   symbols XOX.

23       137.    The University knew that all such events advertised and hosted by Chi

24   Theta Chi and held at the University-owned and controlled House were intended to

25   denote and identify, at least in part, Chi Theta Chi's purported affiliation, or former

26   affiliation, with Theta Chi.

27       138.    The University knew that all such events advertised and hosted by Chi

28   Theta Chi and held at the University-owned and controlled House were intended to

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

THETA CHI FRATERNITY, INC.'S COMPLAINT

mock, humiliate, demean, and falsely imply and attribute to Theta Chi conduct consistent with the themes of the "theatrical events" presented, including those at the Theta Chi Thursday Anal Flora Collective Presentations.

139.   The University knew the potentially offensive and embarrassing nature and content of the events and activities to be held during Theta Chi Thursday presentations, including but not limited to the Theta Chi Thursday Anal Flora Collective Presentations.  Just two weeks before the Theta Chi Thursday Anal Flora Collective Presentations, Eich (a/k/a "Silk Worm") performed "Bottom Bride," a performance of similar theme and content took place with the University's permission and consent at the University's Elliott Program Center.

140.   The University permitted, consented or acquiesced in having its name, reputation and likeness used to promote, review, and further perpetuate the false relationship of and attribution to Theta Chi in *The Stanford Arts Review*, giving the appearance of official imprimatur by the University.

141.   *The Stanford Arts Review* is believed to be affiliated with the University and with *The Stanford Daily*, is believed to be a University sponsored or funded media project, and is believed to have actual or apparent authority to print content for or on behalf of the University, using the University's name, reputation and goodwill to increase readership and viewership within and among the University student population and beyond.

142.   The University permitted, consented or acquiesced in having *The Stanford Arts Review* affiliate itself with the University with full understanding of *The Stanford Arts Review's* self-described mission and focus on University-centric readership "to fertilize a burgeoning campus arts culture by providing an Internet platform for the creation, discussion, dissemination, and consumption of the arts."[6]

143.   Additionally, *The Stanford Arts Review* review was authored by Alex

---

[6] http://stanfordartsreview.com/mission/

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

Zivkovic.  Upon information and belief, Zivkovic was during all relevant periods a Desk Editor for the news section of *The Stanford Daily* news section.  Upon further information and belief, Zivkovic principally covers stories on academics, student activism, arts and entertainment on campus for *The Stanford Daily*.

144.    The University also knowingly hosted, in conjunction with Chi Theta Chi, the Stanford qualifier round for selection of the CUPSI team at the House knowing such event was being advertised and promoted as held at "XOX" in the "Chi Theta Chi Lounge" and took no action to prohibit such advertisement or promotional activities by Chi Theta Chi.

145.    After learning of the foregoing violations, Theta Chi's Executive Director immediately notified the University's OGC.  Schoenthaler, Senior University Counsel, assured Theta Chi that she would investigate, inquire and revert back within one week with an update on what action the University would take to address these new violations, occurring on University owned- and controlled-property.

146.    Despite her assurances, neither Schoenthaler nor any other University representative reported back to Theta Chi on steps being taken to address and remediate the violations.

**I.    Chi Theta Chi has Failed and Refused To Cure its Violations**

147.    On or about January 4, 2016, Theta Chi, through counsel, notified Chi Theta Chi's counsel pursuant to Paragraph 4 of the Settlement Agreement of the violations in the form of a Cease & Desist letter itemizing the multiple violations. (**Exhibit 4 (w/ tabs 1-9)**.)  The Cease & Desist letter demanded that  Chi Theta Chi take immediate steps to cure such violations pursuant to the terms of the Settlement Agreement.

148.    On January 11, 2016, Chi Theta Chi, through counsel, conceded that it had breached the Settlement Agreement by failing to file the "Certificate of Dissolution" as required.  Counsel for Chi Theta Chi disputed that it had violated any other provision of the Settlement Agreement despite the fact that counsel knew Chi

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Theta Chi had filed its 2014 federal tax returns in the name of "Alpha Epsilon Alumni Association of Theta Chi," a clear violation of Paragraph 1(a)(iii) of the Settlement Agreement.

149.   In a January 21, 2016 email communication, Chi Theta Chi's counsel threatened further breach of the Settlement Agreement by advising that "the Association's 2015 tax returns will be filed under the name 'Alumni Association of Chi Theta Chi House' . . ." despite knowing that doing so would violate Paragraph 1(a)(iii) of the Settlement Agreement. Chi Theta Chi's own counsel has guaranteed, in writing, that Chi Theta Chi still intends to commit further breaches of the Settlement Agreement.

150.   To date, Chi Theta Chi has failed and refused to take any further action to comply with the terms of the Settlement Agreement. Chi Theta Chi also has failed to withdraw or retract its threat to commit further violations of the Settlement Agreement by, among other things, filings its 2015 tax returns using a prohibited name.

151.   Despite Theta Chi's demand letter, Chi Theta Chi continues to host events and activities at the House under the name Chi Theta Chi, including the Stanford Qualifier round for the CUPSI on or about January 7, 2016, discussed above, and a concert event entitled "Our Own Success Stories: Kimya Dawson and Emay" (the "Dawson/Emay Event") on or about February 26, 2016, also advertised as being hosted by "Chi Theta Chi" at the "Chi Theta Chi House."[7]

## K.   The University has Exhibited Indifference to the University's Own Trademark Violations and Has Refused to Cease Known Infringements on the Property

152.   Meanwhile, Theta Chi also discovered that, despite its assurances to the contrary, the University had not sanitized its websites and social media, nor had it adequately policed its print and online news outlets, to eliminate references to Chi

---

[7] http://www.stanfordmusiccollective.com/about.html; *see also* http://stanfordartsreview.com/our-own-success-stories-kimya-dawson-and-emay-at-xox/.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   Theta Chi.  One such infringement included the University's RDD webpage listing the

2   "Chi Theta Chi" cooperative house, and referencing how Chi Theta Chi was at one

3   time affiliated with Theta Chi but later "broke away" from the fraternity[8] – all of

4   which is false and misleading.

5   153.   On or about January 6, 2016, Theta Chi, through counsel, notified

6   Schoenthaler of Chi Theta Chi's violations as well as the University's trademark

7   violations.  Theta Chi provided Schoenthaler a copy of the January 4 Cease & Desist

8   letter with attachments (**Ex. 4**).  Schoenthaler, in turn, forwarded the Cease & Desist

9   Letter to Golder and Zumwalt.

10  154.   The University eventually agreed to a call with Theta Chi scheduled for

11  January 27, 2016.  Schoenthaler, Golder and Zumwalt, among others, participated in

12  that call on behalf of the University.

13  155.   During the January 27, 2016 call, Zumwalt, Schoenthaler and Golder

14  acknowledged the University's violations.   They offered no explanation for the

15  violations, but re-assured Theta Chi that the University would cleanse and sanitize its

16  websites, social media and other outlets reasonably within the control of the

17  University of any reference to "Chi Theta Chi" or "XOX" – all of which it had been

18  previously promised to Theta Chi but which the University had failed and refused to

19  honor in 2013.

20  156.   During the January 27, 2016 call, Zumwalt, Schoenthaler and Golder

21  further acknowledged the University had long known of the Chi Theta Chi

22  Defendants' violations, including blatant use of the Theta Chi name to advertise and

23  promote the regularly recurring events called "Theta Chi Thursday" and other events

24  and activities.

---

[8]  https://rde.stanford.edu/studenthousing/cooperative-houses.   Although all such references to Chi Theta Chi have since been removed from the University's webpage – a recognition that the postings were improper and infringed on the Theta Chi's Marks – they remained posted as of January 2016 despite assurances from the University up through August 2013 that all such postings would be removed.  (*See* **Exhibit 4 (tabs 3, 4 respectively)**.)

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

157.   During the January 27, 2016 call, Zumwalt, Schoenthaler and Golder explained that the University had attempted to "talk" to the Chi Theta Chi Defendants about discontinuing use of the Theta Chi name and other marks.  They explained the University was unwilling to take more meaningful enforcement action designed to actually cure the infringements and dissuade future recurrences.

158.   Entreaties to the University to take appropriate action to remediate the infringements have been unsuccessful.  The University has abjectly refused to take any action to either cause Chi Theta Chi Defendants to remove the infringing references or to ensure such infringements do not recur, all of which continues to occur on University owned and controlled property.

159.   The University's commitment to inaction virtually ensures that the infringements by the Chi Theta Chi Defendants will continue unabated, as evidenced by the Bliss event, multiple Theta Chi Thursday events including Theta Chi Thursday Anal Flora Collective Presentations, the Stanford Qualifier CUPSI selection event, and the Dawson/Emay Event, to name a few, all of which have been sanctioned and/or endorsed by the University in its affiliated publications.[9]

160.   In light of the foregoing, Theta Chi has exhausted all potential avenues to avoid litigation.  It must protect its trademarks and enforce its rights.  Claims for relief follow.

## COUNT ONE
### (Infringement of Registered Trademarks
### Against All Defendants, Jointly/Severally)
### [Lanham Act, 15 U.S.C. § 1114]

161.   Theta Chi hereby incorporates and re-alleges each and every paragraph above as though fully set forth herein.

162.   The Theta Chi Marks owned by Theta Chi are valid, federally-registered trademarks entitled to protection under the Lanham Act.

---

[9] http://stanfordartsreview.com/our-own-success-stories-kimya-dawson-and-emay-at-xox/.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

163.    The Theta Chi Marks are distinctive, unique and exceptionally strong.

164.    As the owner of all rights, title, and interest in and to the trademarks, Theta Chi has standing to maintain an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

165.    All Defendants are, and at the time of the acts alleged herein were, actually aware of the Theta Chi Marks.

166.    At no time did either the University Defendants or the Chi Theta Chi Defendants obtain authorization or consent from Theta Chi to use, employ, display or distribute, market or promote, directly or indirectly, any of the Theta Chi Marks.

167.    The University Defendants and Chi Theta Chi Defendants intentionally and knowingly used in commerce the infringing mark Chi Theta Chi and other information pertaining to Theta Chi's Marks, including but not limited to the multiple instances of the University and Chi Theta Chi advertising the "Chi Theta Chi" House as a residential cooperative living arrangement in a competitive housing assignment. This residential cooperative living arrangement involved the House, a University owned and controlled property that, either through a lease agreement or other formal or informal arrangement, Chi Theta Chi was given access to use, to house student members of Chi Theta Chi, and to host, sponsor and coordinate events in the name of Chi Theta Chi.

168.    Chi Theta Chi's trademark infringement violations also include, among other things:

      (a)    using "Chi Theta Chi" interchangeably with "Theta Chi" to identify the group of residents living within the House, the governing board, and the House itself;

      (b)    creating deceptive and confusing website material and content on websites hosted, controlled and/or owned by Chi Theta Chi;

      (c)    supplying such deceptive and confusing content for third party websites that target and are accessible to a consuming public of

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

prospective students throughout California, the United States and internationally, all while knowing that such content showcases Chi Theta Chi's residence information, size, theme, House description, and other characteristics and eligibilities for purposes of attracting new residents;

(d)   advertising and identifying itself using the marks "Theta Chi" and "Chi Theta Chi," Greek letters and marks from social media outlets in connection with multiple commercial pursuits;

(e)   using the Theta Chi and Chi Theta Chi names and symbols to advertise and promote activities at the House hosted by Chi Theta Chi;

(f)   filing false 990 Forms for tax year 2013 using the name "Alpha Epsilon Alumni Association of Theta Chi";

(g)   filing false 990 Forms for tax year 2014 using the name "Alpha Epsilon Alumni Association of Theta Chi";

(h)   threatening to file false 900 Forms for tax year 2015 using the name "'Alumni Association of Chi Theta Chi House."

(i)   conducting business operations under the name Chi Theta Chi while using the federal taxpayer ID number of an entity affiliated with Theta Chi;

(j)   holding itself out to be an entity affiliated with Theta Chi; and

(k)   holding itself out to be the legitimate successor entity to a Theta Chi affiliated entity.

169.   By carrying out the foregoing actions, the Chi Theta Chi Defendants have likely caused and are likely to continue to cause confusion.   As a result of their infringement, the Chi Theta Chi Defendants have benefitted from, and continue to benefit from, Theta Chi's legacy and the goodwill, reputation, and name recognition that Theta Chi enjoys via the Theta Chi Marks.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1   170.   The University and, by extension the University Board, knew about,

2   permitted, facilitated, encouraged, collaborated with, acquiesced in or failed to take

3   any action to stop Chi Theta Chi's multiple trademark infringement violations on or in

4   University-owned and controlled property in a manner that is likely to cause consumer

5   confusion, including:

(a)   affording Chi Theta Chi access to University owned, managed,
6
supervised, housed and/or or controlled media outlets to advertise
7
for events and activities at the House using the Theta Chi and Chi
8
Theta Chi names, as well as Greek letter symbols.
9

(b)   permitting, authorizing, consenting, collaborating with and/or
10
facilitating Chi Theta Chi's use of the House to host events and
11
activities in the Theta Chi and Chi Theta Chi names, as well as
12
Greek letter symbols, including but not limited to the concert and
13
theatrical events discussed above, the "Theta Chi Thursday"
14
recurring events, the notorious "Theta Chi Thursday Anal Flora
15
Collective Presentations" and other events referenced in this
16
Complaint;
17

(c)   authorizing or consenting to the continued use and possession of
18
"Theta Chi" paraphernalia on the Property, including the large
19
Greek Letters "$\Theta$" and "X" that once adorned the front face of the
20
House, and the Theta Chi Crest, suggesting an affiliation with or
21
endorsement by Theta Chi of Chi Theta Chi, the House, its
22
residents and the activities or events hosted by Chi Theta Chi or in
23
Chi Theta Chi's name at the House.
24

25   171.   The University Defendants have also independently infringed the Theta

26   Chi Marks, after expressly acknowledging the protected nature of those marks, by

27   intentionally, by design, or recklessly failing and refusing to remove all references to

28   the "Theta Chi" and "Chi Theta Chi" names, Greek letters and marks from University

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  owned, controlled, or hosted web sites and social media outlets.

2      172.   Defendants' infringement of Theta Chi's Marks was intentional and the

3  infringement foreseeable given the admitted suggestive nature of the name "Chi Theta

4  Chi."  As the University and Chi Theta Chi previously acknowledged, Chi Theta Chi

5  or "X-Theta Chi" intentionally leverages the name "Theta Chi" and suggests (falsely)

6  that individuals once were but are no longer members of Theta Chi.

7      173.   Defendants' unauthorized use of the Theta Chi Marks infringes on Theta

8  Chi's rights to protection of its federal registered marks and is likely to cause

9  confusion, mistake or deception among consumers in addition to the initial interest

10  confusion already caused, as to the identity of the legitimate organization entitled to

11  use that name.  Such use is also likely to cause confusion, and has indeed caused

12  initial interest confusion, as to whether Theta Chi is sponsoring, has authorized or

13  endorsed or supported, or is somehow affiliated with, a sponsor of or participant in

14  Chi Theta Chi's misconduct, unconventional living arrangements, controversial and

15  unsettling theatrical performances,  and failures or "lapses" of management of the

16  House, all of which are contrary to and inconsistent with Theta Chi's ideals.

17      174.   A prospective consumer, student, registrant or potential member would

18  likely experience confusion between the Theta Chi Marks and use of the Chi Theta

19  Chi name.  This, in turn, has a tendency to harm Theta Chi by inviting negative,

20  unfavorable or unsavory overtones and implications about membership in Theta Chi

21  and the conduct of its members.

22      175.   Defendants' continued and knowing unauthorized use of the Theta Chi

23  Marks and terms confusingly similar thereto constitutes intentional trademark

24  infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

25      176.   Defendants' infringements of the Theta Chi Marks is willful and reflects

26  an intent to exploit the goodwill and strong brand recognition associated with the

27  Theta Chi Marks.

28      177.   Defendants' misconduct has been committed with knowledge of and with

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1   the design to exploit Theta Chi's exclusive rights, goodwill and strong brand

2   recognition in the Theta Chi Marks.  Defendants' acts have been committed with the

3   knowledge that their conduct infringes or permits the infringement of Theta Chi's

4   rights in the Theta Chi marks.

5       178.   Defendants have acted willfully, in bad faith and with the intent to cause

6   confusion, mistake or to deceive.

7       179.   Defendants are jointly and severally liable for all trademark infringement

8   violations outlined herein.

9       180.   Theta Chi has suffered and, unless restrained by this Court, will continue

10  to suffer substantial and irreparable injury, loss and damage to its rights in and to

11  Theta Chi's trademarks and the goodwill associated therewith, for which Theta Chi

12  has no adequate remedy at law.  Given the abounding confusion, and differing

13  philosophies, lifestyles, perceptions and civic expectations, Theta Chi has sustained

14  reputational taint created by Defendants' misconduct so long as the University

15  Defendants and Chi Theta Chi Defendants are permitted to perpetuate such

16  misconduct.  Even if the University and Chi Theta Chi have temporarily removed

17  some references to the Theta Chi Marks, without a Court order enjoining the

18  misconduct, Theta Chi will forever face the threat and uncertainty of repeat and

19  recurring violations.

20      181.   Based on the foregoing conduct, Theta Chi has also separately sustained

21  harm and injury for which it is entitled to recover monetary damages and other

22  remedies, including actual damages in an amount to be determined at trial, reasonable

23  attorneys' fees, costs and prejudgment interest, and such other relief as the Court may

24  deem appropriate.

## COUNT TWO
### (False Designation of Origin/False or Misleading Advertising/
### Unfair Competition Against All Defendants, Jointly/Severally)
### [Lanham Act, 15 U.S.C. § 1125(a)]

25

26

27

28      182.   Theta Chi hereby incorporates and re-alleges each and every paragraph

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  above as though fully set forth herein.

2      183.   The Theta Chi Marks are distinctive, unique and exceptionally strong.

3      184.   As the owner of all rights, title, and interest in and to the trademarks,
4  Theta Chi has standing to maintain an action for false designation of origin and unfair
5  competition under the Lanham Act, 15 U.S.C. § 1125.

6      185.   All Defendants have, without authorization, on or in connection with
7  their goods, services, or commercial activities or events, used in commerce marks that
8  are confusingly similar to the Theta Chi Marks and/or have made false designations of
9  origin which are likely to cause confusion, mistake or to deceive as to the affiliation,
10  connection or association of Chi Theta Chi with Theta Chi and/or as to the origin,
11  sponsorship or approval of Defendants' goods or services or commercial activities.

12      186.   Defendants' have unfairly competed with and injured, and unless
13  restrained, will continue to injure Theta Chi, causing damage to Theta Chi in an
14  amount to be determined at trial. Defendants' actions are causing and will continue to
15  cause irreparable injury to Theta Chi's goodwill and reputation association with the
16  strength and value of the Theta Chi Marks.

17      187.   Defendants' conduct has been knowing, deliberate, willful, intended to
18  cause confusion, mistake or to deceive, all in blatant disregard of Theta Chi's rights.

19      188.   Defendants knew or, by the exercise of reasonable care, should have
20  known that their adoption and commencement of use in commerce and continuing use
21  of marks that are confusingly similar to and constitute a counterfeit production of
22  Theta Chi's marks would cause confusion, mistake, or deception among the public and
23  consumers, including, among other things, attracting and recruiting prospective
24  student residents of the House, and attracting prospective participants or attendees at
25  events hosted or sponsored by Chi Theta Chi that showcased Chi Theta Chi, increased
26  awareness of Chi Theta Chi's presence on campus and affiliation with the University,
27  and amplified Chi Theta Chi's profile.

28      189.   Defendants' pirating and egregious and intentional unauthorized use of

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the Theta Chi Marks to attribute goods, services, conduct, events or other commercial activities that are inconsistent with Theta Chi's ideals and high moral standards, and which alternatively define Theta Chi in accordance with false presentation and advertising perpetrated by the University Defendants and the Theta Chi Defendants unfairly competes with Theta Chi and is likely to cause confusion, mistake or to deceive, mislead, or betray consumers to believe that Defendants' sanctioned, hosted or sponsored events and activities are attributable to those types of events and activities that would be considered genuine or authorized by Theta Chi.

190.   Defendants' continuing and knowing use of the Theta Chi Marks constitutes false designation of origin and unfair competition in violation of the Lanham Action, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury.

191.   Defendants' wrongful conduct has permitted or will permit them to benefit commercially from the use and reliance on the strength of the Theta Chi Marks, national brand recognition and high moral standards.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Theta Chi has been and will be deprived of or hindered in certain colonization and recruitment opportunities, and has been and will be deprived of the exceptionally strong value of its marks as commercial assets in an amount to be determined at trial.

192.   Based on Defendants' wrongful conduct, Theta Chi is entitled to injunctive relief, including but not limited to preliminary relief, as well as monetary damages and other remedies as provided by the Lanham Act, including actual damages in an amount to be determined at trial, reasonable attorneys' fees, costs and prejudgment interest, and such other relief as the Court may deem appropriate.

## COUNT THREE
### (Trademark Dilution Against
### All Defendants, Jointly/Severally)
### [Lanham Act, 15 U.S.C. § 1125(c)]

193.   Theta Chi hereby incorporates and re-alleges each and every paragraph

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    above as though fully set forth herein.

2      194.    The Theta Chi Marks are distinctive and "famous" within the meaning of

3 the Trademark Dilution Revision Act of 2006, and widely recognized by the

4 consuming public in the United States, as evidenced by the following factors:

5            (a)    Theta Chi has obtained federal trademark registration for its

6                 Marks;

7            (b)    Theta Chi's longevity and imprint on collegiate life throughout the

8                 United States is apparent by its more than 175,000 initiated

9                 members since its founding in 1856, its 144 Active Chapters, and 7

10                 Official Colonies;

11            (c)    Theta Chi has expended substantial amounts of time, expense and

12                 energy with its strategic growth and expansion plan;

13            (d)    Theta Chi's many notable philanthropic and community service

14                 oriented activities have enabled the Theta Chi name and other

15                 marks to attain a high level of actual recognition among the

16                 consuming public.

17      195.    Defendants' unauthorized use of the Theta Chi Marks as discussed in this

18 Complaint came long after the Marks themselves were first used and long after the

19 Marks became famous.

20      196.    Defendants' unauthorized use in commerce of the Theta Chi Marks, or

21 terms or references confusingly similar thereto, as set forth throughout this Complaint,

22 has likely diminished and will likely continue to diminish the capacity of the famous

23 and distinctive Theta Chi Marks to distinguish the Theta Chi brand, likeness, services

24 and consumer "products" from those of others, and has likely diluted the distinctive

25 quality and character of the famous and nationally recognized Theta Chi Marks.

26      197.    The Chi Theta Chi Defendants' unauthorized use of the Theta Chi Marks,

27 or terms or references confusingly similar thereto, as set forth in this Complaint, has

28 been in commerce, that is, in connection with some economic benefit or gain,

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

1   including recruitment of members, creation of a false perception of historical legacy

2   and significance with Theta Chi, attracting attention and attendees to events and

3   activities held at the House through the use of shocking, unconventional and

4   outrageous themes and content, all of which the University Defendants knew about,

5   permitted, facilitated, encouraged, collaborated with, acquiesced in and/or failed to

6   take any action to stop on University property and through University paper and

7   online media outlets.

8       198.   The University's own unauthorized use of the Theta Chi Marks, after

9   expressly acknowledging the protected nature of those marks, by intentionally or

10  recklessly failing and refusing to remove all references to the "Theta Chi" and "Chi

11  Theta Chi" names, Greek letters and marks from University owned, controlled, or

12  hosted web sites and social media outlets, also was done in connection with some

13  economic benefit or gain, including creating consistency and avoiding disruption in

14  the competitive cooperative housing selection process that is coordinated and

15  ultimately controlled by the University, which controls the assignment of students to

16  particular cooperative housing arrangements, and which financially benefits the

17  University.

18      199.   Defendants' conduct as alleged above is likely to blur and impair the

19  distinctiveness of the Theta Chi Marks.  Consumers are likely to associate Chi Theta

20  Chi's and the University's unauthorized uses of the Theta Chi name or trademarks or

21  terms confusingly similar thereto with the Theta Chi Marks themselves because of

22  their inherent similarity.  In particular, and on information and belief, the following

23  factors have caused the Theta Chi Marks to be indiscernible from the use made by Chi

24  Theta Chi and, thus, dilution by blurring is likely:

25      (a)   The University and Chi Theta Chi are making use of the Theta Chi

26          Marks themselves or words or phrases confusingly similar to the

27          Theta Chi Marks to identify and promote the House, and advertise

28          and promote events and activities hosted by Chi Theta Chi at the

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1   House;

2   (b)   The Theta Chi Marks have acquired distinctiveness through Theta

3         Chi's promotion and use of the Theta Chi Marks since inception;

4   (c)   The Theta Chi Marks have achieved high levels of recognition

5         among the consuming public and, in particular, the relevant

6         population in and around the University;

7   (d)   The University and Chi Theta Chi have overtly and affirmatively

8         attempted to use its name to engender a sense of affiliation or

9         former affiliation with Theta Chi, including formally referring to

10        the Chapter House, the members and the organization itself as

11        "Theta Chi" and now as "Chi Theta Chi."

12   200.   Defendants' conduct as alleged above is also likely to have cheapened or

13   tarnished the Theta Chi Marks, thereby harming the reputation of the famous mark,

14   for the reasons discussed throughout this Complaint.   Consumers are likely to

15   associate Chi Theta Chi's uses of the Theta Chi Marks as an official sponsorship,

16   endorsement, acceptance, or agreement to the misconduct to furtherance of which Chi

17   Theta Chi's use of the Marks was made.

18   201.   Defendants' unauthorized use of the Theta Chi Marks constitute dilution

19   in violation of 15 U.S.C. § 1125(c).

20   202.   Defendants' actions described herein have caused and, unless restrained

21   by this Court, will continue to cause Theta Chi substantial and irreparable injury, loss

22   and damage to its rights in and to Theta Chi's trademarks and the goodwill associated

23   therewith, for which Theta Chi has no adequate remedy at law.   Even if the University

24   and Chi Theta Chi have temporarily halted use of and removed some references to the

25   Theta Chi Marks, without a Court order enjoining the misconduct, Theta Chi will

26   forever face the threat and uncertainty of repeat and recurring violations which would

27   further serve to dilute Theta Chi's Marks.   Accordingly, such future infringement must

28   be enjoined by this Court.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

203.    Defendants' dilution has rendered indiscernible and has cheapened or tarnished the Theta Chi Marks by associating embarrassing or disreputable behavior with Theta Chi.  Chi Theta Chi and its members and non-member residents of the House have, by way of illustration only, engaged in conduct that is not in keeping with Theta Chi's ideals and high moral standards, including, among others, attributing sexually deviant, unhealthy, unsanitary acts, as well as abusive, physically and emotionally controlling and violent behavior to Theta Chi by virtue of the Theta Chi Thursday Anal Flora Collective Presentations, and other presentations hosted or sponsored by Chi Theta Chi at the University owned and controlled House, as discussed throughout this Complaint.

204.    Defendants are jointly and severally liable for all trademark dilution violations outlined herein.

205.    Based on the foregoing conduct, Theta Chi has also separately sustained harm and injury for which it is entitled to recover monetary damages and other remedies, including actual damages in an amount to be determined at trial, reasonable attorneys' fees, costs and prejudgment interest, and such other relief as the Court may deem appropriate.

## COUNT FOUR
### (Trademark Dilution Against All Defendants, Jointly/Severally)
### [Cal. Bus. & Prof. Code § 14247]

206.    Theta Chi hereby incorporates and re-alleges each and every paragraph above as though fully set forth herein.

207.    The Theta Chi Marks are distinctive and "famous" within the meaning of the California Model State Trademark Law, that is, it is widely recognized by the general consuming public of California and/or the Northern California/Palo Alto geographic area, as a designation of Theta Chi, as evidenced by the following factors:

        (a)    Theta Chi has obtained federal trademark registration for its Marks;

Case No.: []
**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(b)     Theta Chi's longevity and imprint on collegiate life throughout the United States is apparent by its more than 175,000 initiated members since its founding in 1856, its 144 Active Chapters, and 7 Official Colonies;

(c)     Theta Chi has expended substantial amounts of time, expense and energy with its strategic growth and expansion plan;

(d)     Theta Chi's many notable philanthropic and community service oriented activities have enabled the Theta Chi name and other marks to attain a high level of actual recognition among the consuming public.

208.    Defendants' unauthorized use of the Theta Chi Marks came long after the Marks themselves were first used and long after they became famous.

209.    Defendants' unauthorized use in commerce of the Theta Chi Marks, or terms or references confusingly similar thereto, as set forth throughout this Complaint, has likely diminished and will likely continue to diminish the capacity of Theta Chi's famous and distinctive Theta Chi Marks to distinguish the Theta Chi brand, likeness, services and consumer "products" from those of others, and has likely diluted the distinctive quality and character of the famous and nationally recognized Theta Chi Marks.

210.    The Chi Theta Chi Defendants' unauthorized use of the Theta Chi Marks, or terms or references confusingly similar thereto, as set forth in this Complaint, has been in commerce, that, is, in connection with some economic benefit or gain, including recruitment of members, creation of a false perception of historical legacy and significance with Theta Chi, attracting attention and attendees to events and activities held at the House through the use of shocking, unconventional and outrageous themes and content, all of which the University Defendants knew about, permitted, facilitated, encouraged, collaborated with, acquiesced in and/or failed to take any action to stop on University property and through University paper and

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1   online media outlets.

2   211.   The University's own unauthorized use of the Theta Chi Marks, after

3   expressly acknowledging the protected nature of those marks, by intentionally or

4   recklessly failing and refusing to remove all references to the "Theta Chi" and "Chi

5   Theta Chi" names, Greek letters and marks from University owned, controlled, or

6   hosted web sites and social media outlets, also was done in connection with some

7   economic benefit or gain, including creating consistency and avoiding disruption in

8   the competitive cooperative housing selection process that is coordinated and

9   ultimately controlled by the University, which controls the assignment of students to

10  particular cooperative housing arrangements, and which financially benefits the

11  University.

12  212.   Defendants' conduct as alleged above is likely to blur and impair the

13  distinctiveness of the Theta Chi Marks.  Consumers are likely to associate Chi Theta

14  Chi's and the University's unauthorized uses of the Theta Chi name or trademarks or

15  terms confusingly similar thereto with the Theta Chi Marks themselves because of

16  their inherent similarity.  In particular, and on information and belief, the following

17  factors have caused the Theta Chi Marks to be indiscernible from the use made by Chi

18  Theta Chi and, thus, dilution by blurring is likely:

19            (a)   The University and Chi Theta Chi are making use of the Theta Chi

20                  Marks themselves or words or phrases confusingly similar to the

21                  Theta Chi Marks to identify and promote the House, and advertise

22                  and promote events and activities hosted by Chi Theta Chi at the

23                  House;

24            (b)   The Theta Chi Marks have acquired distinctiveness through Theta

25                  Chi's promotion and use of the Marks since inception;

26            (c)   The Theta Chi Marks have achieved high levels of recognition

27                  among the consuming public and, in particular, the relevant

28                  population in and around the University;

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

49

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

       (d)      The University and Chi Theta Chi have overtly and affirmatively attempted to use its name to engender a sense of affiliation or former affiliation with Theta Chi, including formally referring to the Chapter House, the members and the organization itself as "Theta Chi" and now as "Chi Theta Chi."

213. Defendants' conduct as alleged above is also likely to have cheapened or tarnished the Theta Chi Marks, thereby harming the reputation of the famous mark, for the reasons discussed throughout this Complaint. Consumers are likely to associate Chi Theta Chi's uses of the Theta Chi Marks as an official sponsorship, endorsement, acceptance, or agreement to the misconduct to furtherance of which Chi Theta Chi's use of the Marks was made.

214. Defendants' unauthorized use of the Theta Chi Marks constitute dilution in violation of Section 14247 of the *California Business & Professions Code*.

215. Defendants' actions described herein have caused and, unless restrained by this Court, will continue to cause Theta Chi substantial and irreparable injury, loss and damage to its rights in and to Theta Chi's trademarks and the goodwill associated therewith, for which Theta Chi has no adequate remedy at law. Even if the University and Chi Theta Chi have temporarily halted use of and removed some references to the Theta Chi Marks, without a Court order enjoining the misconduct, Theta Chi will forever face the threat and uncertainty of repeat and recurring violations which would further serve to dilute Theta Chi's Marks. Accordingly, such future infringement must be enjoined by this Court.

216. Defendants' dilution has rendered indiscernible and has cheapened or tarnished the Theta Chi Marks by associating embarrassing or disreputable behavior with Theta Chi. Chi Theta Chi and its members have, by way of illustration only, engaged in conduct that is not in keeping with Theta Chi's ideals and high moral standards, including, among others, attributing sexually deviant, unhealthy, unsanitary acts, as well as abusive, physically and emotionally controlling and violent behavior to

1    Theta Chi by virtue of the Theta Chi Thursday Anal Flora Collective Presentations,

2    and other presentations hosted or sponsored by Chi Theta Chi at the University owned

3    and controlled House, as discussed throughout this Complaint.

4         217.    Defendants are jointly and severally liable for all trademark dilution

5    violations outlined herein.

6         218.    Based on the foregoing conduct, Theta Chi has also separately sustained

7    harm and injury for which it is entitled to recover monetary damages and other

8    remedies, including actual damages in an amount to be determined at trial, treble

9    and/or punitive damages, reasonable attorneys' fees, costs and prejudgment interest,

10   and such other relief as the Court may deem appropriate.

## COUNT FIVE
### (Unfair Competition Against All Defendants, Jointly/Severally)
### [Cal. Bus. & Prof. Code, § 17200]

13        219.    Theta Chi hereby incorporates and re-alleges each and every paragraph

14   above as though fully set forth herein.

15        220.    As discussed above, the University Defendants and Chi Theta Chi

16   Defendants engaged in unfair, fraudulent and unlawful acts that have impaired Theta

17   Chi's goodwill, have infringed its trademarks, have created a likelihood of confusion,

18   and have otherwise adversely affected Theta Chi's business and reputation by use of

19   unfair business practices.

20        221.    Defendants' misconduct has been unfair, fraudulent and unlawful

21   enabling Chi Theta Chi to attain more publicity and attendance for events and

22   activities, recruit prospective dues-paying members, and recruit prospective rent-

23   paying residents of the House, using the Theta Chi name than they otherwise would

24   but for their falsely implied connection with Theta Chi and the strong public

25   recognition and goodwill associated with it.

26        222.    Defendants' unfair actions within the meaning of the statute include, but

27   are not limited to, ultra vires actions of the Alpha Epsilon Alumni Association. As

28   discussed above, the Alumni Association was created in 1928 to facilitate the Alpha

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Epsilon Chapter of Theta Chi's operations, including purchasing, leasing, acquiring, holding, or owning real or personal property necessarily for the use, benefit and support of the Alpha Epsilon Chapter, and making or financing capital improvements as needed to the Chapter House. After the Alpha Epsilon Chapter of Theta Chi became inactive, and Chi Theta Chi began conducting its business operations as the Alpha Epsilon Alumni Association and managing a student housing cooperative of non-Theta Chi residents, the Alumni Association ceased fulfilling its corporate purpose and began necessarily acting ultra vires.

223.    The Chi Theta Chi Defendants' fraudulent actions within the meaning of the statute include, but are not limited to, holding itself out to federal and state authorities as a tax exempt California corporation, using the federal taxpayer ID number of an entity affiliated with Theta Chi, as well as state corporate entity number and origination date for all state filings. Such conduct enabled Chi Theta Chi to hijack the tax exempt status and corporate veil of an established organization thereby circumventing the need to file its own incorporation paperwork, to benefit from the corporate immunity of an entity affiliated with Theta Chi, and to market itself to prospective residents, contractors, the University and other entities as an established tax exempt entity.

224.    The Chi Theta Chi Defendants' unlawful conduct within the meaning of the statute include all facts alleged regarding Chi Theta Chi's unauthorized use, infringement and dilution of the Theta Chi Marks as discussed throughout this Complaint.

225.    Such unfair, fraudulent and unlawful conduct detailed above and throughout this Complaint – executed despite its agreement in Settlement to discontinue such conduct – shielded Chi Theta Chi officers, directors and members from liability, has harmed and continues to harm the reputation of Theta Chi, and exposed and continues to expose Theta Chi to potential liability.

226.    All such unfair, fraudulent and unlawful conduct detailed above and

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

throughout this Complaint was done with the University's full knowledge, awareness, permission, consent, authority, acquiescence, and/or facilitation.

227.    As a result of Chi Theta Chi's conduct, Theta Chi has suffered and will continue to suffer damage, including reputational damage due to confusion as to the identity of the legitimate organization, the origin and genesis of Chi Theta Chi and whether it is a legitimate successor organization to an entity affiliated with Theta Chi, and whether Theta Chi has sponsored, authorized, endorsed or supported, or is somehow affiliated with Chi Theta Chi's misconduct, negative press, alternative living arrangements, shocking and controversial events and activities, and failures and deficiencies in managing and caring for the House itself, all of which are contrary to the stated ideals of Theta Chi.

228.    The Chi Theta Chi Defendants have benefitted from the continued use of a name that is deceptively similar to Theta Chi by design, as well as the goodwill and reputation attributable to the Theta Chi Marks.

229.    Additionally, as stated above, Chi Theta Chi has been unjustly enriched through its unlawful and unauthorized use of the Theta Chi Marks and the Alpha Epsilon Alumni Association's name and likeness, an entity affiliated with Theta Chi.

230.    Theta Chi has been, and absent injunctive relief, will continue to be irreparably harmed by Chi Theta Chi's and the actions.

231.    Upon discovering and investigating Chi Theta Chi's misconduct prior to *Theta Chi I*, Theta Chi acted promptly in attempting to have Chi Theta Chi cease and desist in its activities, and also sought the University's assistance.  Unbeknownst to Theta Chi, the University thereafter collaborated with Chi Theta Chi to undermine Theta Chi's efforts to protect its registered trademarks or, at a minimum, failed to act when it had a duty to do so to stop active and ongoing infringements of the Theta Chi Marks on University owned and controlled property.

232.    Since discovering the Chi Theta Chi's and the University's misconduct subsequent to *Theta Chi I,* Theta Chi has learned through its own investigation and

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1   through discussions with University representatives that the University has not and

2   will not take any action to deter, discourage, or compel the discontinuance of Chi

3   Theta Chi's infringing activity; rather, the University has permitted, authorized, aided,

4   abetted, supported and facilitated such infringing activity and, upon information and

5   belief, will continue to do so.

6       233.   Defendants are jointly and severally liable for all unfair, fraudulent and

7   unlawful acts that have impaired Theta Chi's goodwill, have infringed its trademarks,

8   have created a likelihood of confusion, and have otherwise adversely affected Theta

9   Chi's business and reputation by use of unfair business practices as outlined herein.

10       234.   Theta Chi has no adequate remedy at law for Defendants' unfair,

11   fraudulent, and unlawful conduct and seeks injunctive relief including forced

12   dissolution of the corporate entity Chi Theta Chi, an order barring Chi Theta Chi from

13   continuing to use the Theta Chi Marks in connection or engaging in other infringing

14   conduct, and an order compelling Chi Theta Chi to cure the improper corporate

15   registration in the name of Chi Theta Chi.

16       235.   Theta Chi has sustained damage as a result of Defendants'

17   misappropriation and unauthorized use of the Theta Chi Marks.  For these reasons,

18   Theta Chi seeks an accounting of all assets and revenues owned, acquired and

19   controlled by Chi Theta Chi and a disgorgement of any and all revenues maintained or

20   acquired by Chi Theta Chi during the period in which it has infringed on the Theta

21   Chi Marks, as well as any recovery for actual damages in an amount to be determined

22   at trial, treble and/or punitive damages, reasonable attorneys' fees, costs and

23   prejudgment interest, and such other relief as the Court may deem appropriate.

### COUNT SIX
**(Breach of Settlement Agreement**
**Against the Chi Theta Chi Defendants)**

26       236.   Theta Chi hereby incorporates and re-alleges each and every paragraph

27   above as though fully set forth herein.

28       237.   The Chi Theta Chi Defendants entered into a Settlement Agreement and

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1  Mutual Release ("Settlement Agreement") (**Ex. 3**), with Theta Chi in resolution of

2  *Theta Chi I.*

3      238.    The Settlement Agreement provides clear and concise language in

4  which the Chi Theta Chi Defendants expressly agreed, among other things:

5      (a)    "permanently cease all use in commerce of the Theta Chi and Chi

6      Theta Chi Marks . . . . " (Settlement Agreement, ¶ 1(a)(i))

7      (b)    "ensure all [Chi Theta Chi] members are notified of the terms of

8      this Agreement . . . ." (*id.* , ¶ 1(a)(ii));

9      (c)    file a "Certificate of Election to Wind Up and Dissolve

10      Association" with a California Secretary of State, (*id.*, ¶ 1(a)(iii));

11      (d)    cease using the names "Alumni Association of Chi Theta Chi

12      House" and "Alumni Association of Chi Theta Chi House" beyond

13      its final tax returns filed in 2013, (*id.*, ¶ 1(a)(i));

14      (e)    "initiate its dissolution" proceedings within 20 days of the

15      Effective Date of the Settlement Agreement and complete its

16      dissolution by no later than August 1, 2013, (*id.* , ¶ 1(c));

17      (f)    remove its website and social media postings that reflect Chi Theta

18      Chi's name; (*id.*, ¶ 1(d));

19      239.    The Settlement Agreement further acknowledged that the Association

20  "shall not oppose or interfere with any effort by Theta Chi to cause Stanford and the

21  residents of the Property to change the name of the House" to eliminate use of the

22  words "theta" or "chi" or Greek letter equivalents, (Settlement Agreement, ¶ 1(b));

23      240.    The parties further agreed that the Settlement Agreement would "extend

24  to, inure to the benefit of, and be binding upon the parties hereto and their respective

25  directives, officers, partners, proprietors, attorneys [and] agents" among others."

26  (Settlement Agreement, ¶ 5(b).)

27      241.    The Chi Theta Chi Defendants breached the Settlement Agreement for all

28  of the reasons set forth in this Complaint including, but not limited to:

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(a)   using the Theta Chi Marks, to lure, attract or entice prospective residents to visit the House who otherwise may not have done so;

(b)   collecting dues or rent from members of Chi Theta Chi and/or non-member residents of the House by using the name "Chi Theta Chi" or symbols "XOX" that are, by design, deceptively similar to Theta Chi's Marks;

(c)   using the "Chi Theta Chi" name to advertise and promote the House and the Chi Theta Chi events and activities to prospective members and residents of the House including, but not limited to the Theta Chi Thursday Anal Flora Presentations, among others discussed herein;

(d)   interfering with the University's early efforts to change the House name to one that did not infringe on the Theta Chi Marks;

(e)   affirmatively holding itself out as having "evolved" from one or more entities affiliated with Theta Chi;

(f)   using the name, identity and other identifiable traits, including the Alpha Epsilon Alumni Association's federal taxpayer ID number, in federal and state filings to improperly assume all rights under the Lease and profit from room and board payments, ultimately enabling Chi Theta Chi to accumulate more than $600,000 in assets;

(g)   continuing in its theft of the corporate identity of the Alpha Epsilon Alumni Association, continuing to knowingly make false statements and submitting false certifications to the State Secretary of State's office and/or other state agencies by retaining the Alumni Association's corporate entity number (C0131837) for use by Chi Theta Chi and retaining the Alpha Epsilon Alumni Association's "origination date" (December 21, 1928);

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

(h)   filing false 990 Form federal tax returns for tax year 2013 in the name of Alpha Epsilon Alumni Association of Theta Chi;

(i)   filing false 990 Form federal tax returns for tax year 2014 in the name of Alpha Epsilon Alumni Association of Theta Chi; and

(j)   threatening to file a false 990 Form federal tax returns for tax year 2015 in the name of Alumni Association of Chi Theta Chi.

242.   The Chi Theta Chi Defendants' willful breach of the Settlement Agreement has damaged Theta Chi, entitling it to damages in an amount to be determined at trial, as well as reasonable attorneys' fees, costs and prejudgment interest, and such other relief as the Court may deem appropriate.

## COUNT SEVEN
### (Aiding/Abetting Breach of Settlement Agreement Against the University Defendants)

243.   Theta Chi hereby incorporates and re-alleges each and every paragraph above as though fully set forth herein.

244.   During all relevant times, the University knew that Theta Chi possessed valid, federal registered trademarks entitled to protection under the Lanham Act, that the Theta Chi Marks are distinctive, unique and exceptionally strong, and that as the owner of all rights, title, and interest in and to the trademarks, Theta Chi had standing to enforce its protected marks through litigation.

245.   During all relevant times, the University was aware of the terms of the Settlement Agreement.  The University further assumed an active and pivotal role in ensuring Chi Theta Chi, its student members and non-member residents of the House owned and controlled by the University, were made aware of and understood the terms of the Settlement Agreement.

246.   The University represented to Theta Chi that it understood Theta Chi's absolute right to enforce its protected trademarks.  The University further represented that it would work with Chi Theta Chi, its student members and non-member residents of the House owned and controlled by the University to ensure full compliance with

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.: []

**THETA CHI FRATERNITY, INC.'S COMPLAINT**

1  the terms of the Settlement Agreement, including removing all references to Chi Theta

2  Chi from websites and social media outlets, renaming the House a name that did not

3  include "Theta" or "Chi" or the Greek letter symbols "Θ" or "X" and which was not

4  otherwise deceptively similar to Theta Chi, and that the University would monitor and

5  take appropriate action to enforce against any further infringements.

6      247.   Instead, upon information and belief, the University permitted, consented

7  to, aided, abetted, supported and/or facilitated Chi Theta Chi's breach of the

8  Settlement Agreement by, among other things, allowing the Chi Theta Chi name to

9  remain on University websites and social media outlets to advertise as a cooperative

10  housing option at the University, providing Chi Theta Chi full access and use of the

11  House owned and controlled by the University, collaborating with Chi Theta Chi to

12  assign Chi Theta Chi members or prospective members for residency in the House,

13  and permitting Chi Theta Chi a familiar venue and location to host and sponsor events

14  and activities using the "Theta Chi" and "Chi Theta Chi" names as well as Greek letter

15  symbols.

16      248.   The University further aided and abetted Chi Theta Chi's breach of the

17  Settlement Agreement by actively concealing the fact of and extent of Chi Theta Chi's

18  misconduct from Theta Chi despite its assurances to monitor Chi Theta Chi's conduct

19  and address any further violations.

20      249.   The University's conduct in aid and in furtherance of the Chi Theta Chi

21  Defendants' breach of the Settlement Agreement effectively enabled the Chi Theta Chi

22  Defendants to perpetrate and continue uninterrupted in such misconduct from in or

23  about August 2013 through at least February 2016, which has damaged and will

24  continue to damage Theta Chi, entitling it to damages in an amount to be determined

25  at trial, as well as reasonable attorneys' fees, costs and prejudgment interest, and such

26  other relief as the Court may deem appropriate.

27

28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

## REQUEST FOR RELIEF

2   WHEREFORE, Plaintiff Theta Chi Fraternity, Inc. prays for the following

3   relief:

4   A.   An Order entering judgment in Theta Chi's favor against the University

5        Defendants and the Chi Theta Chi Defendants on all applicable Claims;

6   B.   An award of the University Defendants' and Chi Theta Chi Defendants'

7        revenues and Theta Chi's damages in an amount to be determined at trial

8        for trademark infringement under 15 U.S.C. § 1114(a) as detailed in this

9        Complaint;

10  C.   An award of the University Defendants' and Chi Theta Chi Defendants'

11       revenues and Theta Chi's damages in an amount to be determined at trial

12       for false designation of origin and unfair competition under 15 U.S.C. §

13       1125(a) as detailed in this Complaint;

14  D.   An award of the University Defendants' and Chi Theta Chi Defendants'

15       revenues and Theta Chi's damages in an amount to be determined at trial

16       for trademark dilution under 15 U.S.C. § 1125(c) as detailed in this

17       Complaint;

18  E.   In the alternative to the revenues and profits of the University Defendants

19       and Chi Theta Chi Defendants and actual damages for infringement and

20       counterfeiting of the Theta Chi Marks pursuant to the Lanham Act, an

21       award for *statutory damages* pursuant to 15 U.S.C. § 1117(c), which

22       election Theta Chi will make prior to the rendering of final judgment;

23  F.   An award of restitution in an amount to be determined at trial for unfair,

24       fraudulent and unlawful business practices under the California Business &

25       Professions Code § 17200;

26  G.   An award for damages in an amount to be determined at trial for the Chi

27       Theta Chi Defendants' breach of the Settlement Agreement, and for the

28       University Defendants' aiding and abetting of the Chi Theta Chi

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

59

Case No.: []

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Defendants' breach of the Settlement Agreement;

H.    An award for compensatory and consequential damages in an amount to be determined at trial;

I.    An award of pre judgment and post-judgment interest;

J.    An award to Theta Chi of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by California Civil Code § 3426.4;

K.    An Order granting the following injunctive relief:

   a.    an injunction prohibiting all Defendants from engaging or continuing to engage in any unlawful, unfair or fraudulent business acts or practices described herein, including the advertising and/or dealing in any marks deceptively similar by design to the Theta Chi Marks, as detailed in this Complaint *or otherwise*;

   b.    an injunction prohibiting all Defendants from engaging or continuing to engage in any unauthorized use of any mark or other intellectual property right of Theta Chi as detailed in this Complaint *or otherwise*;

   c.    an injunction prohibiting all Defendants from engaging or continuing to engage in any trademark infringement or dilution as detailed in this Complaint *or otherwise*;

   d.    an injunction prohibiting all Defendants from engaging or continuing to engage in any false designation of origin as detailed in this Complaint *or otherwise*;

   e.    an injunction prohibiting all Defendants from engaging or continuing to engage in any form of unfair competition as detailed in this Complaint *or otherwise*;

   f.    an injunction prohibiting all Defendants from engaging or continuing to engage in any other act in derogation of Theta Chi's rights as detailed in this Complaint *or otherwise*;

   g.    an injunction compelling the Chi Theta Chi Defendants to dissolve the

Case No.: []
**THETA CHI FRATERNITY, INC.'S COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   entity formerly known as Alpha Epsilon Alumni Association of Theta

2   Chi, Alumni Association of Chi Theta Chi House, or any derivation

3   thereof; and

4   h.   an Order freezing all assets of Chi Theta Chi, regardless of the name

5   or pseudonym of the entity in which such assets are held, including

6   any entity holding such funds in trust or escrow for Chi Theta Chi,

7   and compelling an immediate accounting thereof.

8   L.   Such other relief as the Court may deem appropriate and fair.

9   **DEMAND FOR JURY TRIAL**

10   Plaintiff THETA CHI FRATERNITY, INC. respectfully demands a trial by

11   jury in this action.

12   Dated: March 17, 2016                    **AKERMAN LLP**

13

14   By: _Joshua R. Mandell_

15   Joshua R. Mandell
    (CA State Bar No: 225269)
    Christopher G. Oprison

16   (*pro hac vice application pending*)

17   Attorneys for Plaintiff,

18   THETA CHI FRATERNITY, INC.

19

20

21

22

23

24

25

26

27

28

THETA CHI FRATERNITY, INC.'S COMPLAINT